LAURA A. MABIE v. JOHN SINES AND CHARLES
WILSON, PRINCIPAL DEFENDANTS, AND THE
LANSING LUMBER COMPANY, OWNER
OF PRODUCT ATTACHED.

*Logs and logging—Labor of team—Lien.*

While Act No. 229, Laws of 1887 (3 How. Stat. § 8427a), which provides that any person or persons who perform any labor or services in manufacturing lumber or shingles shall have a lien thereon for the amount due for such labor or services, should properly be held to include the labor or services of teams furnished by the person who himself, as laborer or contractor, performs the labor or services, there can be no lien
92 MICH.—35.

in favor of the owner of a team let to the laborer or contractor at a stated price, who is entitled to assert a lien at a gross sum for his own work and that of the team.

Error to Clare.  (Hart, J.)  Submitted on briefs June 17, 1892.  Decided July 28, 1892.

Attachment proceedings under log-lien law.  Defendant company brings error.  Reversed.  The facts are stated in the opinion.

*Burritt & Canfield,* for appellant.

*Browne & Cummins,* for plaintiff.

MONTGOMERY, J.  The plaintiff sued the defendants Sines & Wilson for the hire of a team used in and about the manufacture of lumber by Sines & Wilson for the defendant the Lansing Lumber Company.  The lumber company is joined as owner of the property, and a lien is sought to be established upon the lumber manufactured.

The evidence shows that in September, 1890, the plaintiff sold to Sines & Wilson the team in question, under an agreement that the team should remain the property of the plaintiff until paid for, and that Sines & Wilson should make a payment of $50 within 30 days, and with a further provision that, if they should fail to make the payment within 30 days, they should pay her $25 per month for use of the team.  The $50 was never paid.  The team was employed for 5 months.

The question presented is whether, for this stated price for the use of the team, the plaintiff is entitled to a lien, under Act No. 229, Laws of 1887 (3 How. Stat. § 8427*a*).  This act is entitled—

"An act establishing a lien for labor and services upon lumber, shingles, logs," etc.

The act provides, in section 1, that—

"Any person or persons who perform any labor or services in manufacturing lumber or shingles    *    *    * shall have a lien thereon for the amount due for such labor or services."

It has been held by the courts of various states that statutes similar to ours give a lien for work of a laborer with a team, but no case has been called to our attention, nor have we been able to find a case, which supports the contention of the plaintiff here. The cases referred to are *Martin v. Wakefield,* 42 Minn. 176 (43 N. W. Rep. 966); *Hogan v. Cushing,* 49 Wis. 169 (5 N. W. Rep. 490); *Hale v. Brown,* 59 N. H. 551. In each of these cases the labor performed and contracted for included the personal labor of the contracting party, and teams were employed to assist in the work. These cases would support the right of Sines & Wilson to a lien in this case, if they had not received their pay, and had sued for labor and services in putting in the logs; and this, though the services required and consisted in part in the use of a team. But to hold that the owner of a team let for a stated time, at a stipulated price, may recover, even though the one who contracts to and does the work is fully paid, would, we think, be to extend the provisions of the statute beyond their terms or purpose, and would of necessity involve holding that the owner of any machinery or tool leased to the contractor or laborer is entitled to a lien, irrespective of the state of accounts between the owner and such contractor, or between the contractor and the laborer. If the owner sees to it that the contractor is paid, and that all who perform labor on the product are paid, he should be, and we think is, protected. The ground upon which cases holding that one using a team in performing labor or services is entitled to a lien for the value of the use

of the team, as well as for his own personal services, appears to be that the use of the team, like the use of a cant-hook, log-chain, or other appliances, is often necessary to enable the logger to perform the service or labor. And this view is reasonable. In *Hale v. Brown, supra,* the Court say:

" The legislature could not have intended to exclude these appliances, without which it would be impossible to perform the labor. We have therefore little hesitation in holding that the personal services of the lumberman include the use and the earnings of his own oxen, chain, cant-hook, and his own team and sled, if these are actually used by him, and are essential to the service rendered."

But the court add:

" We do not, in this case, go so far as to hold that if the claimant did not labor himself, or if, acting as a common laborer, he loaned the use of his team on the same work, he could successfully claim the benefit of the lien on account of his team."

In *McCrillis v. Wilson,* 34 Me. 286, it was held that, under a statute providing for a lien for the amount stipulated to be paid for personal services and actually due, no lien was given for the use of the team. The statute is not so broad as ours, but ours does not include in terms the hire of a team or the rent of machinery or tools. The lien is limited to the person or persons who perform labor. While this should properly be held to include the labor or services of teams furnished by the person who himself, as a laborer or contractor, performs the labor or services, we think there can be no lien in favor of the owner of a team let to the laborer or contractor, where the one who makes use of the team is himself entitled to assert a lien for the services at a gross sum for his own work and that of the team.

This holding disposes of the case, and it is unnecessary to consider the other questions raised.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.