Lohman vs. Peterson and another.

LOHMAN, Respondent, vs. PETERSON and another, Appellants.

87   227
f 107  135
f 108  166

*February 23 — March 16, 1894.*

*Liens: Logs and timber: Services: Hire of ox: Transporting property out of state.*

1. Under sec. 1, ch. 139, Laws of 1891, giving to "any person who shall do or perform any labor or services" in cutting or hauling logs or timber a lien thereon, the owner of an ox who let it for hire without reference to any particular work is not entitled to a lien for such hire upon the ties of a third person, hauled by the bailee while using the ox.

2. Under sec. 6, ch. 139, Laws of 1891, providing that any person who shall cause the property upon which such lien exists to be transported out of the state shall be liable as for a conversion, the owner of ties on which there is a lien does not become so liable merely by selling them to a third person who thereafter transports them out of the state.

APPEAL from the Circuit Court for *Ashland* County. This is an action under ch. 139, Laws of 1891, to recover, "as for a conversion," the amount of a claim of lien which

the plaintiff claims to have had upon certain railroad ties which he claims the defendants caused to be transported out of the state. The questions which are decided arise upon a motion for a nonsuit which was denied.

· The plaintiff's evidence showed, in substance, that he hired an ox to one Gundersgord for the agreed price of fifty cents a day; that the time of the ox was to be paid for, whether the ox worked or not, or whether he worked on defendants' ties or not; that Gundersgord kept the ox sixty-one days, and had not paid him; that Gundersgord · had a job of hauling railroad ties for the defendants, and used the ox in hauling and skidding the ties; that the defendants sold the ties to the railroad company; that the railroad company carried them away; that after the ties had been carried away, but within the time limited there- . for, plaintiff filed his claim of lien.

For the appellants there was a brief by *Ben. S. Smith,* and oral argument by *Geo. F. Merrill.*

For the respondent there was a brief by *Sanborn, Dufur & Anderson,* and oral argument by *G. W. Cate.*

· NEWMAN, J. The motion for a nonsuit presents the question whether there was sufficient evidence to justify a verdict for the plaintiff. The statute on which the action is founded is ch. 139, Laws of 1891. So much as is involved in the decision is as follows: "Sec. 1. Any person who shall do or perform any labor or services in cutting, hauling . . . any logs or timber . . . shall have a lien upon such logs, timber, lumber, cord-wood, railroad ties . . . for the amount due or to become due for such labor or services. . . . Sec. 6. Any person who shall cause the property upon which such lien exists to be transported out of the state of Wisconsin, or who shall secrete or destroy the same or so change its character as to prevent the lien claimant from subjecting the same to the payment of his

claim, shall be liable to such lien claimant for the amount of his claim, as and for a conversion." The plaintiff claims that he had a lien upon the ties, and that the defendants caused them to be transported out of the state of Wisconsin.

Statutes which give a right of lien are deemed remedial statutes, and are liberally construed, in order to bring within their operation all cases intended by the legislature to be within the intended benefits. No other cases are to be included by construction. The evident object of this statute is to secure to such persons as do manual labor upon logs or timber their pay for their labor. The terms of the statute are, "Any person who shall do . . . labor or services" shall have a lien. A similar statute has been construed to include, not merely the personal and manual labor of the claimant himself, but also that of his servants, with his teams. *Hogan v. Cushing*, 49 Wis. 169. What a man does by another, for many purposes he is said to do by himself. In this case the plaintiff did no manual labor for the defendants, either personally or by his servant. It seems like straining the meaning of words to say that he did or performed labor by his ox. The ox was hired to Gundersgord. It was used by him. For that service, it was Gundersgord's team. He had a right to a lien upon the same ties for his services, including the services of that team. *Kelley v. Kelley*, 77 Me. 135. It was hired to him with no reference to this particular work, but generally. Its time was hired at an agreed price per day, for all the time it was kept by Gundersgord, whether it worked or not, and whether it worked on defendants' ties or not. The evidence does not show how much work the plaintiff's ox did on defendants' ties. The claim is not made with reference to that fact, but with reference to the time it was absent from the plaintiff's home. It is held that the plaintiff's evidence failed to show that the plaintiff had done or

performed labor or services on the defendants' railroad ties within the meaning of the statute.

But, if this were otherwise, the result of the suit must be the same, for it is not shown that the defendants caused the ties to be transported out of the state. The defendants sold the ties to the railroad company. This could be no wrong to the plaintiff, even if he had a right of lien. The railroad company took them subject to any claim which the plaintiff had against them. Laws of 1891, ch. 139, sec. 4. The railroad company removed them. The sixth section of the act under which the action is brought is penal in its nature, and requires a strict construction. Only those cases are within the provisions of this section which are fairly within the meaning of its terms, according to the common and approved usage of the language. Giving to the words only their common and natural meaning, there is no evidence which tends, even, to show that the defendants caused the ties to be removed at all. They simply sold the ties. That was not, in natural or legal effect, to cause them to be removed.

Nor is there any evidence to show that the ties have been transported out of the state. There is no evidence showing to what place they were taken. Without proof of this fact, the plaintiff could not recover, however clear his right on the other grounds relied upon.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.