McAuliffe, Assignee, Respondent, vs. Jorgenson and others, Appellants, and Egelhoff, Respondent.

*April 30 — May 15, 1900.*

*Mechanics' liens: Wells: Use of machine: Partnership: Evidence: Judgment.*

1. The owner of a well-boring machine used in the construction of a well, who had hired it to the contractor, is not entitled to a subcontractor's lien for its use under sec. 3315, Stats. 1898, giving subcontractors a lien on the land on which a well is constructed for *work or labor* performed or *materials* furnished in digging it.

2. Where every reasonable probability, except E.'s denial, tended to show that J. and E. were partners in digging a well, such denial is *held* to have been so weakened by his admissions and want of frankness and by the evasive and equivocal character of his testimony on cross-examination, as not to support a judgment giving him a subcontractor's lien.

3. The lien for the construction of a well being limited to one acre where the land is situated in a city, it is error in such a case to single out and adjudge a lien upon any given portion of a tract containing several acres, in the absence of evidence locating the well upon any specific acre.

APPEALS from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The defendant *Grant Marble Company* is the equitable owner of the land described in the complaint, the title thereof being held in the name of the defendant *William J. Grant* for convenience. In March, 1898, the *Grant Marble Company* employed the defendant *Jorgenson* to drill a well upon its property. The latter, through the defendant *Egelhoff*, secured of the plaintiff the right to use a steam well-boring machine held by plaintiff as assignee, and used it in boring the well thirty-two days. The plaintiff brings this action to enforce a mechanic's lien upon the *Marble Company's* property for the use of said machine. The land described in the complaint consists of three and three-fourths

McAuliffe vs. Jorgenson and others.

acres, situate in the city of Milwaukee. *Egelhoff* was made defendant, as having filed a lien for materials furnished and labor performed for *Jorgenson* in the construction of the well in question. The complaint and the answer of the defendant *Egelhoff* set out the rights claimed by them by appropriate allegations. The other defendants put such claims in issue, and the answer of *Jorgenson* alleges a partnership between himself and the defendant *Egelhoff* in digging and boring the well, and admits payment in full to him for the work so done. The court found that plaintiff was entitled to $64 from *Jorgenson* for the use of the machine, and gave him a lien upon the lands described in the complaint. It also found that *Jorgenson* was indebted to *Egelhoff* in the sum of $134.35 for material furnished and delivered and labor performed in the drilling of the well; that of this amount certain items, amounting to $34.02, were not such as to entitle him to a lien. Judgment was entered giving him a lien on the premises as a subcontractor for the amount found lienable and for a personal claim against *Jorgenson* for the remainder. It also gives plaintiff a lien for the amount of his claim. The liens claimed are given upon the east one acre of the land described in the complaint according to a certain plat attached to the judgment. *Jorgenson, Grant,* and the *Marble Company* have appealed, the first from the entire judgment, and the others from those portions affecting their interests.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. H. Remington.* To the point that plaintiff's claim being simply for the rent or use of the machine, he is entitled to no lien, they cited *Lohman v. Peterson,* 87 Wis. 227; *Standard O. Co. v. Lane,* 75 Wis. 636; *Oppenheimer v. Morrell,* 118 Pa. St. 189; *Harrison v. Homœopathic Asso.* 134 Pa. St. 558, 566; *Basshor v. B. & O. R. Co.* 65 Md. 99, 103; Phillips, Mechanics' Liens, §§ 158, 159, 162; *Lambard v. Pike,* 33 Me. 141; *Baum v. Covert,* 62 Miss. 113.

For the respondents there was a brief by *John J. McAu-liffe* and *Adolph G. Schwefel,* and oral argument by *Mr. McAuliffe.*

BARDEEN, J.  1. Plaintiff has no lien unless it is given him by virtue of secs. 3314, 3315, Stats. 1898.  The former section provides, in substance, that every person who, as principal contractor, performs any work or labor or fur-nishes any material in digging or constructing any well shall have a lien upon the interest of the owner in the land upon which the same is situated, not exceeding one acre if within the limits of a city.  Sec. 3315 provides substantially that every person who, as subcontractor of the principal contractor, performs any work or labor for or furnishes any materials to the parties named in the preceding section, shall have the lien and remedy provided by that chapter upon performing certain conditions, which it is admitted were performed in this case.  Plaintiff's right to a lien is based upon the fact that he hired his well-boring machine to *Jorgenson,* who had the contract to bore the well.  Laws giving liens to mechanics are equitable in their character, and are to be liberally construed to advance their objects; yet they are purely statutory, and cannot be extended by construction to cases not fairly and reasonably within their purview.  It will be observed that the statute speaks of "work and labor" performed or "materials" furnished. Under no permissible theory can it be said the plaintiff has furnished any "materials" that entered into or became a component part of the well.  Whatever right he has, if any, arises from the use of his machine.  When he hired it to *Jorgenson,* to all intents and purposes it became the latter's machine, the same as if he had purchased it outright.  The plaintiff did no manual labor, either by himself or his serv-ants, toward the construction of the well.  The machine was used by *Jorgenson* as though it was his own.  For its use in connection with his own labors he would have been

entitled to a lien; not for the use of the machine alone, but because with his labors in the use and operation of the machine the well was drilled. The case is not unlike *Lohman v. Peterson*, 87 Wis. 227, where this court denied the right of an owner of oxen hired out to the person who performed labor in hauling ties to a lien upon the ties. The machine thus used is "the plant of the contractor," and can in no sense be said to be materials furnished or used in the drilling of the well. *Basshor v. B. & O. R. Co.* 65 Md. 99. To permit this lien to stand and be enforced would be stretching the lien law beyond any reasonable limit.

2. The second question involved in this case is whether *Jorgenson* and *Egelhoff* were partners in drilling this well. The court made no specific finding as to the fact, but the conclusion arrived at was adverse to the appellants' contentions. *Egelhoff* was given a lien for materials furnished by him to *Jorgenson* to the amount of $100.33, and a personal judgment for $34.02. This finding ought not to be disturbed unless we can say that it is clearly against the evidence. *Jorgenson* testified positively that such partnership existed. *Egelhoff* denied it, but at the same time admitted that he had no particular arrangement in regard to the deal, only that he was to get the machine and furnish the materials. He also admitted that the materials furnished were put in at cost price. After much evasion and shifting, he also admitted that he "may have had it on shares," and that he supposed he was to have a part of the profits. Independent of his denial, every reasonable probability in the case tends to show that he was interested as a partner in the contract. His conduct during the progress of the work is not reconcilable upon any other theory. Add to this his want of frankness, and the evasive and equivocal character of the testimony given by him on cross-examination, and we find it impossible to give much weight to his denial. Upon the whole evidence we think it is clearly and almost conclusively

shown that he was a partner in the transaction, and not entitled to enforce a lien against the appellants. ·

3. If it were admitted that the liens could be enforced, still the judgment in its present form could not be sustained. The complaint described the land in controversy as being within the limits of the city of Milwaukee, and to consist of three and three-fourths acres. The statute only allows a lien upon one acre when the land is within the limits of a city. No evidence was offered to locate the well upon any specific acre of land; hence the court had no authority to single out and adjudge a lien upon any given portion of the whole tract, without some evidence upon which such a determination could be based.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint and the answer of the defendant *Egelhoff*.