Edwards, Appellant, vs. H. B. Waite Lumber Company, imp., Respondent.

*October 30 — November 16, 1900.*

*Lien on logs: Hire of horses.*

Although horses were rented for the express purpose of being used in work of a lienable nature upon logs, the owner is not entitled to a lien for their hire, under sec. 3329, Stats. 1898, unless they were used and worked by him or by some person as his agent or servant.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Affirmed.*

Plaintiff furnished six teams of horses to defendant Mellen Lumber Company under a written contract reciting that. the party of the first part is the owner of six teams of horses; that the party of the second part was about to haul a large quantity of logs, in which it will require the use of

teams; therefore party of the second part agrees to pay party of the first part for the use of his teams the sum of $30 a month for each team, "as payment for the services of said teams of horses in hauling and delivering said logs known as the Shaw Tannery Company logs." The contract also fixed a price and gave an option of purchase of said horses to said party of the second part, under which all sums earned by said teams under the contract would be applied upon the purchase price. The Mellen Lumber Company took the horses to their base of operations on February 28th, and returned them to plaintiff July 8, 1898, during which period, except for some idle time, the horses were worked in hauling the logs described, and the amount due for the time they were so retained under the contract was $780. The actual days on which the horses were worked during said period, deducting for Sundays and disabilities, amounted to $369.37. Personal claim was made against the Mellen Lumber Company, and a lien was demanded upon lumber produced from said logs and purchased by the defendant *Waite Lumber Company* in good faith and without notice, prior to the attachment. Personal judgment was rendered against the defendant Mellen Lumber Company, but the claim for lien was dismissed. Plaintiff appealed from the latter portion.

*Ben S. Smith*, for the appellant.

For the respondent there was a brief by *G. N. Risjord*, of counsel (*Tomkins & Merrill*, attorneys), and oral argument by *Geo. F. Merrill*.

DODGE, J. The liberal construction properly accorded to the log lien statutes was given full effect in *Hogan v. Cushing*, 49 Wis. 169, where it was held that the labor in cutting or hauling logs might be done not only by the lien claimant but by his servants or agents, and that the lien might extend to the value not only of the personal labor of the claimant

and his servants but so as to include the value of that labor as enhanced by the use of his teams. Further extension of construction was denied when an attempt was made to enforce lien for labor of the claimant's ox not used by himself or his agent or servant, but hired to another (*Lohman v. Peterson*, 87 Wis. 227), and when lien was claimed for the value of the use of claimant's machinery when not operated by himself or his agents, but hired to another (*McAuliffe v. Jorgenson*, 107 Wis. 132).

The present case obviously falls within the reasoning of the latter decisions. The statute (Stats. 1898, sec. 3329), according to its strict terms, would justify a lien only for labor or services done or performed by the claimant himself. Certainly, due liberality of construction has been accorded in holding that it may include labor or services done by another, and such construction can only be sustained by application of the maxim *Qui facit per alium facit per se.* This maxim, however, is limited to acts done through another *person,* and cannot justify the idea that one can confer agency upon animals or machinery so that work effected by them shall be deemed to be labor or services done by him, where such animals or apparatus are not used and operated by the claimant or by some person as his agent or servant. The circuit court rightly held that the plaintiff was entitled to no lien for the hire of his horses when rented to another, although rented for the expressed purpose of enabling that other to perform work of a lienable character.

*By the Court.*— Judgment affirmed.