# POTTER MANUFACTURING COMPANY *v.* A. B. MEYER & COMPANY ET AL.

[No. 21,385.   Filed January 7, 1909.]

1. MECHANICS' LIENS.—*Statutes.—Construction.*—Mechanics' · liens are based upon statutes, and a lienor must bring himself clearly within the statute, the construction thereof being liberal toward those entitled thereunder.  p. 516.
2. SAME.—*Labor.—Machines.*—Any laborer upon a structure has a right to a mechanic's lien for such labor; and if he uses machinery in connection therewith, he is entitled to a lien for the work performed by such machinery.  p. 517.
3. SAME.—*Lessor of Machinery Used in Constructing Building.*— A lessor of machinery used by a contractor in the erection of a building, such machinery not being used as a part of the building, · has no right to a mechanic's lien for the rental price thereof. pp. 517, 520.
4. SAME.—*Materials.—Use of.*—No mechanic's lien can be enforced for materials which were not furnished for and actually used in the structure on which the lienor seeks to enforce the lien. p. 519.
5. SAME.—*Machinery.*—A mechanic's lien for machinery can be enforced only where such machinery was used in, and became a part of, the building on which the lien is sought.  p. 519.
6. SAME.—*Use of Railroad Switch.*—A mechanic's lien cannot be enforced for the use of a private railroad switch used for delivering cars loaded with materials for the structure on which the lien is sought.  p. 520.

From Superior Court of Marion County (68,594); *Vinson Carter*, Judge.

Cross-complaint by the Potter Manufacturing Company against A. B. Meyer & Company and others. From a judgment for defendants, cross-complainant appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Affirmed.*

*John S. Berryhill,* for appellant.
*Charles Martindale,* for appellees.

MONTGOMERY, J.—This suit was brought to foreclose a mechanic's lien upon the property of the Indianapolis Light

& Heat Company, a corporation which had been formed by consolidation of the Marion County Hot Water Heating Company, and the Indianapolis Light & Power Company. Appellant filed a cross-complaint in the suit, alleging that the Marion County Hot Water Heating Company had contracted with J. J. Smith & Company for the construction of a certain sewer and drain, and, for the purpose of executing said contract, J. J. Smith and J. J. Smith & Company purchased and leased from appellant certain material and machinery, and hired appellant to perform certain labor, to be used in the construction of said sewer and drain, as shown by bills of particulars filed; that said materials and machinery were used, and said labor was performed by appellant, in the erection and construction of said sewer and drain; that J. J. Smith & Company failed financially and became insolvent; that notice of an intention to hold a lien was duly filed, and that appellant's claim was unpaid. The cross-complaint was answered by a general denial. A trial resulted in a finding and judgment against appellant.

Appellant's motion for a new trial, on the ground that the decision of the court was contrary to law, was overruled, and this ruling is assigned as error.

It appears from the evidence that J. J. Smith & Company agreed to construct this sewer and drain, and "to furnish all necessary tools and materials and employ the necessary labor properly and promptly to execute said work." A part of the claim for which appellant seeks to enforce a lien is the rental price of a "Potter trench machine" for two months and twenty-three days at the agreed rate of $150 per month. This machine was described in the contract as follows: "Said trench machine to consist of 272 feet of steel trestle, one engine car, one tail block, one double tub carriage, twelve two-thirds yard buckets, 700 feet of twenty-five-pound "T" rail, fish plates and bolts, 1,200 feet of one-half-inch best crucible steel wire cable, nineteen wires to the

strand, sheaves, axles, shafts, bolts, wrenches, oil cans and all necessary parts for running machine.''

J. J. Smith & Company were carefully to take down and return the machine to appellant's yard when through with it. The residue of the account against J. J. Smith & Company amounting to $276.75, for which a lien is asserted, was for a telegram, braces, brace screws and washers, sheeting puller, brick buckets, stringer hooks, sharpening picks, blacksmith work and the use of a private switch in unloading cars. This part of appellant's claim, aside from the charge for a telegram and the use of its private track, was for the purchase price of and for repairs to tools and implements used in the construction of the work, and upon the completion thereof carried away as the personal property of the contractor.

The concrete question for decision may be concisely stated in the language of appellee's counsel as follows: ''(1) Are tools sold or leased to a contractor, or repairs on tools and machinery used by a contractor, in the erection of a structure, and which are at the conclusion of the contract carried away by the contractor as his personal property, or returned to the bailor, and in no way incorporated into the structure, the subject of a mechanic's lien? (2) Is a charge for the privilege of using a railroad switch from which to unload materials to be transported to a structure the subject of a mechanic's lien?''

Section one of the statute upon which the alleged lien is founded reads as follows: ''That contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing material or machinery for the erection, altering, repairing or removing any house, mill, manufactory or other building, bridge, reservoir, system of water-works or other structure, or for constructing, altering or repairing or removing of any sidewalk, walk, stile, well, drain, sewer or cistern, may have a lien separately or jointly

upon the house, mill, manufactory or other building, bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern which they may have erected, altered, repaired or removed or for which they may have furnished material or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished or either; and all claims for wages for mechanics and laborers employed in or about any shop, mill, wareroom, storeroom, manufactory or structure, bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern, shall be a first lien upon all the machinery, tools, stock of material, work finished or unfinished located in or about such shop, mill, wareroom, storeroom, manufactory or other building; bridge, reservoir, system of water-works or other structure, sidewalk, walk, stile, well, drain, sewer or cistern or used in the business thereof; and should the person, firm, or corporation be in failing circumstances the above mentioned claim shall be preferred debts, whether claim or notice of lien has been filed or not.'' §8295 Burns 1908, Acts 1899, p. 569.

This statute provides that a mechanic's lien may be acquired by persons (1) who perform labor, or (2) who furnish material or machinery for the purpose of erecting, altering, repairing or removing certain enumerated structures. The right to such lien is purely statutory, and in no respect founded on the common law. A claimant to such a lien must in the first instance bring himself clearly within the terms of the statute; but, when his right has been established, the law will be liberally interpreted toward accomplishing the purposes of its enactment.

A lien is authorized in favor of a laborer to the extent of the value of the work done by him. This trench machine,

owned by appellant, did not work automatically, but

**2.** was operated by men in the employ and under direction of the lessee of the machine, J. J. Smith & Company. There could be no question that the contractor, J. J. Smith & Company, might have acquired a lien to the extent of the value of the work done, including that done by this labor-saving machine. Appellant, however, did not perform, or in any manner engage to perform, any labor upon the structure to be erected. Its claim is not for the value of work actually done, but compensation at an agreed price for a specified time, as the rental value of the machine, without regard to whether it was idle or in use upon this work. But, waiving any technical questions as to the theory of the

cross-complaint, and assuming that, if the evidence

**3.** so warranted, appellant might recover thereon to the extent of the value of work done by it, we are clearly of opinion that appellant is not shown to have performed any work, and, as the mere lessor of this machine, cannot be regarded as one performing labor within the meaning of the statute under consideration.

In the case of *Lohman* v. *Peterson* (1894), 87 Wis. 227, 58 N. W. 407, the plaintiff, under a statute authorizing a mechanic's lien for labor or services in cutting and hauling lumber, railroad ties, etc., sought to enforce a lien for the hire of an ox used in hauling railroad ties. The court held that the statute was designed to secure the pay of those who performed manual labor upon such articles, including that done by their servants and teams; that the plaintiff performed no such labor, and that he performed no work by his ox, since it was hired to, and used by, another person, and in contemplation of the act became the property of the bailee, who had a right to a lien upon the same ties for services including the use of his team.

The same court, in the case of *McAuliffe* v. *Jorgenson* (1900), 107 Wis. 132, 82 N. W. 706, said: "Plaintiff's right

to a lien is based upon the fact that he hired his well-boring machine to Jorgenson, who had the contract to bore the well. Laws giving liens to mechanics are equitable in their character, and are to be liberally construed to advance their objects; yet they are purely statutory, and cannot be extended by construction to cases not fairly and reasonably within their purview. * * * 'Whatever right he [plaintiff] has, if any, arises from the use of his machine. When he hired it to Jorgenson, to all intents and purposes it became the latter's machine, the same as if he had purchased it outright. The plaintiff did no manual labor, either by himself or his servants, toward the construction of the well. The machine was used by Jorgenson as though it was his own. For its use in connection with his own labors he would have been entitled to a lien; not for the use of the machine alone, but because with his labors in the use and operation of the machine the well was drilled. * * * The machine thus used is 'the plant of the contractor,' and can in no sense be said to be materials furnished or used in the drilling of the well. * * * To permit this lien to stand and be enforced would be stretching the lien law beyond any reasonable limit.'"

In the case of *Allen* v. *Elwert* (1896), 29 Ore. 428, 443, 44 Pac. 823, 48 Pac. 54, the court said: "But we do not think the claimants are entitled to a lien for the use of their tools or appliances, or for hauling or transporting the same to and from the building, for the reason that they are in no sense either materials furnished to be used in the construction, alteration or repair of a building, or labor performed thereon, and are therefore not within either the letter or spirit of the statute." See, also, *Evans* v. *Lower* (1904), 67 N. J. Eq. 232, 58 Atl. 294.

The answer to the remaining inquiry—whether appellant may be fairly regarded as one furnishing materials or machinery for the construction of the sewer or drain—is fore-

shadowed by the quotations given. It is well settled, both in this State and elsewhere, that a materialman claiming a lien must ordinarily show that his materials were furnished for and were actually used in the erection, alteration or repair of the building against which the lien is asserted. *Crawford* v. *Crockett* (1876), 55 Ind. 220; *Hill* v. *Sloan* (1877), 59 Ind. 181; *Lawton* v. *Case* (1880), 73 Ind. 60; *Neeley* v. *Searight* (1888), 113 Ind. 316; *Jones* v. *Hall* (1894), 9 Ind. App. 458; *Leeper* v. *Myers* (1894), 10 Ind. App. 314; *Clark* v. *Huey* (1895), 12 Ind. App. 224; *Barnett* v. *Stevens* (1896), 16 Ind. App. 420.

The provisions of the statute respecting the furnishing of machinery are not substantially different from those with regard to building materials. The machinery furnished must be so attached to the realty as to become a part thereof and be regarded as a fixture to make it the basis of a mechanic's lien. 27 Cyc., 38. Appellant's trench machine was rented by the contractor merely as a tool or labor-saving device for temporary use in the performance of his contract, and was not intended to and did not become in any sense a part of the structure. The machinery for which the statute authorizes a lien is such as may fairly be contemplated or required by the terms of the contract between the owner of the premises or structure to be erected and the contractor, and the title to which, when furnished, will pass to the owner of such property, become a part thereof, and to some extent enhance its value. *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315; *Basshor* v. *Baltimore, etc., R. Co.* (1885), 65 Md. 99, 3 Atl. 285; *May & Thomas Hardware Co.* v. *McConnell* (1893), 102 Ala. 577, 14 South. 768; *Meek* v. *Parker* (1897), 63 Ark. 367, 38 S. W. 900, 58 Am. St. 119; *Oppenheimer* v. *Morrell* (1888), 118 Pa. St. 189, 12 Atl. 307; *Stimson Mill Co.* v. *Los Angeles Traction Co.* (1903), 141 Cal. 30, 74 Pac. 357.

In the case of *Oppenheimer* v. *Morrell, supra,* the court

said that when a materialman "knows the material is to be used merely for the purpose of erecting temporary scaffolding to facilitate the work of the contractor, and it is in fact so used, he has no right to a lien, notwithstanding he may have furnished it on the credit of the building. Such a claim is no more within the purview of the statute than would be one for pickhandles furnished to facilitate the work of excavating the foundation for the building."

In the case of *Stimson Mill Co.* v. *Los Angeles Traction Co., supra,* the supreme court of California held that the materials for which the lien is claimed must be used, not merely in the process of construction, but in the structure, and said further: "The temporary structure was put in merely for the purpose of supporting the track until the steel necessary for its permanent support could be obtained. This was done by the contractors on their own account. * * * The temporary structure was therefore not a part of the bridge, either as contracted for or as actually completed; but it remained the property of the contractors, who were entitled to remove it. Hence neither the contractors, nor the plaintiff as furnisher of the materials for it became entitled to a lien."

The furnishing and repair of other tools and appliances mentioned in appellant's bill of particulars, and used merely to facilitate the work, fall within the principle before announced, and afford no basis for a mechanic's lien.

It is still more plain that the charge for the use of appellant's private railroad switch in unloading cars is not within the statute under consideration. It follows that the decision of the trial court was in accord with the law, and the appellant's application for a new trial was rightly denied.

The judgment is affirmed.