## NAISH McKINNON and Another v. RED RIVER LUMBER COMPANY.[1]

December 6, 1912.

Nos. 17,746—(91).

**Log lien— who not entitled to.**

The owner of horses who hires them to a contractor, the latter using the

[1] Reported in 138 N. W. 781.

horses in aid of hauling and banking logs, and the owner performing no manual labor or other services in connection with the logs, is not entitled to a lien on such logs under R. L. 1905, § 3524.

**No estoppel by judgment.**

A prior judgment in an action by the owner of the horses against the contractor to recover a personal judgment for the agreed price of their services, and against defendant in this action to establish and foreclose a lien claimed by such owner, is *held* not to estop defendant from now claiming that plaintiffs acquired no lien on the logs, the judgment being merely a personal one against the contractor, and it appearing that the court in such action did not and could not adjudicate such lien.

Action in the district court for Hubbard county to recover $1,296 for conversion of certain saw-logs. The answer specifically denied that plaintiffs had any lien upon logs belonging to defendant, alleged that on or about May 3, 1911, a petition in involuntary bankruptcy was filed in the United States district court, alleging that John Sibley was a bankrupt, and that the sum claimed in the complaint was alleged in the petition to be part of the assets of the estate of the bankrupt, subject to the supervision and control of the United States district court, and prayed that the action be dismissed. The case was tried before Wright, J., who at the close of the testimony denied plaintiffs' motion for a directed verdict and granted defendant's motion for a directed verdict. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*Charles W. Scrutchin,* for appellants.

*P. V. Coppernoll,* for respondent.

BUNN, J.

Plaintiffs brought this action to recover the sum of $1,296, the amount of a claimed lien on logs which had been sawed and converted into lumber by defendant. At the close of the evidence each party moved for a directed verdict. The court granted defendant's motion. Plaintiffs afterwards moved for judgment notwithstanding the verdict or for a new trial, and appeal to this court from an order denying this alternative motion.

There are two main questions for our consideration: (1) Did plaintiffs have a valid lien on the logs in question? (2) If not, is defendant estopped from denying the validity of the lien by reason of a former judgment?

The facts are as follows: John Sibley was engaged in logging and lumbering in the Second lumber district, under contract with defendant. Plaintiffs entered into a written contract with Sibley, by the terms of which they hired and let to him twelve teams of horses at the agreed price of $26 per month for each team. These teams worked for Sibley in hauling and banking the logs he was under contract to haul and bank for defendant. Lapalm, one of the plaintiffs, worked for Sibley in caring for the horses, and drove one of the teams on the work. He was to receive $40 per month for his services, which was paid by defendant. The contractor, Sibley, became insolvent. Plaintiffs, after demanding payment for the services of their horses, both of Sibley and of defendant, filed a lien on the logs for such services. The lien statement, as well as the evidence, shows that the amount claimed was only for the labor of the horses, at the contract price, and did not include anything for the personal services of Lapalm, which had been paid for.

The facts in relation to the claim of res adjudicata are these: Within three months after filing their lien statement plaintiffs brought an action in the district court for Hubbard county against the defendant in this action, Red River Lumber Company, and John Sibley. The relief demanded was a personal judgment against Sibley for the amount of plaintiffs' claim for the services of the horses, and a judgment adjudging the lien and directing the sale of the logs to satisfy the same. Neither defendant answered. The court made findings of fact to the effect that the work had been done by the horses at the request of Sibley; that plaintiffs had filed a lien statement, and had thereafter sued out a writ of attachment and placed the same in the hands of the sheriff, but that said writ was not returned for the reason that the lumber company had theretofore sawed the logs involved into lumber. As conclusions of law, it was determined "that plaintiffs are entitled to judgment against the defendant John Sibley in the sum of $1,296 damages, together with

119 M.—31.

the costs and disbursements of this action." The judgment against Sibley was entered pursuant to this decision.

1. If plaintiffs' lien was valid, it is clear they are entitled to recover in this action in conversion. The question is whether, under the statute, one who hires horses to a contractor is entitled to a lien on logs, when under the contract of hiring, the owner is not to render personal services in connection with the horses. The statute, R. L. 1905, § 3524, so far as material here, is as follows:

"Whoever performs manual labor or other personal service for hire, in or in aid of the cutting, hauling, banking, driving, rafting, towing, cribbing or booming any logs * * * shall have a lien thereon for the price or value of such labor or service."

This statute should be construed liberally, but we must not, by construction, do violence to the plain meaning of the language used. Were the services performed by the horses hired to Sibley "manual labor or other personal service" performed by plaintiffs? In Martin v. Wakefield, 42 Minn. 176, 43 N. W. 966, it was held that "manual labor," as those words were used in the log lien statute then in force, "includes the use and earnings of all implements, instrumentalities or agencies, such as axe, cant-hook, team, or the like, which are actually used in and necessary to the performance of such labor by the lumberman or logger." Applying this rule to the facts in that case, it was decided that where a man and a team are employed, at a gross price for both, to haul or bank logs, his lien on the logs extends to the use of his team. This was followed in Breault v. Archambault, 64 Minn. 420, 67 N. W. 348, in which case it was also decided that one who furnishes a team and a teamster to a contractor at a gross price for both per month, to haul or bank logs, is entitled to a lien. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757, was decided after the law was amended so as to give a lien to one who performs "manual labor *or other service* for hire," and is important in this connection only as it again announces the rule that the statute is a remedial one and should be given a broad and liberal construction.

It is clear that the present case is not controlled by Martin v.

Wakefield, Breault v. Archambault, or by any decision of this court. Here the contract was only for the use of the teams at an agreed price for each team per month. It did not provide for the services of teamsters, or of men to care for or shoe the horses. The fact that one of the plaintiffs was employed by Sibley under a separate contract to care for and attend to the shoeing of the horses does not bring the case within either of those cited. In addition to the fact that this employment of Lapalm was under an entirely separate and distinct contract, the lien statement shows that no lien was claimed for his services, and the evidence shows that they had been paid for before the lien was filed. The case must be treated therefore as if plaintiffs had performed no personal services.

The question has been decided adversely to plaintiffs' contention in Wisconsin, Maine, and Michigan, under statutes identical with ours. Lohman v. Peterson, 87 Wis. 227, 58 N. W. 407; McAuliffe v. Jorgenson, 107 Wis. 132, 82 N. W. 706; Edwards v. H. B. Waite Lumber Co. 108 Wis. 164, 84 N. W. 150; Richardson v. Hoxie, 90 Me. 227, 38 Atl. 142; Mabie v. Sines, 92 Mich. 545, 52 N. W. 1007. Each of these cases is absolutely in point, and no authority to the contrary is known to us. Indeed we do not see how an opposite conclusion could be reached except by a main strength construction of the words of the statute. The owner of horses, machinery or tools who leases his equipment to a contractor certainly does not "perform manual labor or other personal service for hire" in aid of the cutting, hauling, or banking of logs which the contractor by himself and his servants does under his contract. The contractor has a lien for his own and his employees' labor, and for the use of all instrumentalities, including teams, which are actually used in and necessary to the performance of such labor by the contractor and his employees. Sibley doubtless would have a lien upon the logs for his own and his employees' services, including the services of the teams with which they worked. This is the rule of Martin v. Wakefield, and Breault v. Archambault, supra, and is also the rule in Wisconsin, Michigan, and Maine. But we must hold that the owner of teams or instrumentalities who leases or hires them to a lumberman, or logger, and who does not by himself or by his servants perform manual labor or other service, is not entitled to a lien on logs for

the service of such horses or instrumentalities. A contrary holding would not only be against the plain words of the statute, and the decision cited, but it would open the door to abuses. If an owner of horses leased to a logger is entitled to a lien, so is the owner of any equipment, machinery or tools leased to a logging contractor. And why not the grocer or butcher that supplies the camp of the contractor? Or the merchant that sells the men their clothing?

2. The claim that defendant is estopped by the judgment in the former action is wholly untenable. While in that suit plaintiff claimed a lien on the logs and asked to have it established and the logs sold to satisfy it, it is perfectly clear from the judgment and findings that the matter of the lien was not and could not be litigated. The judgment, which followed the conclusions of law, was simply a personal judgment against John Sibley. The decision does not find that plaintiffs had a lien which was valid; indeed it finds the contrary, as it is recited that an attachment was issued, but not returned because the logs had been sawed into lumber. An attachment of the logs was necessary to an adjudication that plaintiffs had a lien which they were entitled to enforce. Griffin v. Chadbourne, 32 Minn. 126, 19 N. W. 647.

We find no other points that require discussion. The decision of the trial court was correct.

Order affirmed.