## KANSAS CITY SOUTHERN RY. CO. v. TANSEY.

No. 3125. Opinion Filed February 28, 1914.

(139 Pac. 267.)

1. RAILROADS—Lien—Waiver. The provisions of mutual contracts between the plaintiff in error, its principal contractor and subcontractors, examined, and held that, under their terms, the right to a lien upon the railway company and its properties was not waived by a subcontractor, where the action was brought therefor after the award of the resident engineer had been published. Following Kansas City So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112.

2. SAME—Lien for Construction—Subject-Matter. Under section 6166, Comp. Laws 1909 (Rev. Laws 1910, section 7803), any person other than the specific classes enumerated therein, who performed any work or labor upon or furnished any materials to facilitate the operation of any railroad, is entitled to a lien therefor upon the roadbed, buildings, equipments, income, franchises, and all other appurtenances. Following Kansas City So. Ry. Co. v. Wallace, supra.

3.    **STATUTES**—Construction—Rule of Ejusdem Generis. The rule of ejusdem generis is resorted to merely as an aid in construction. If, upon consideration of the whole law upon the subject, and the purposes sought to be effected, it is apparent the Legislature intended the general words to go beyond the class specifically designated, the rule does not apply. Moreover, where the particular words exhaust the class, then the general words must be given a meaning beyond the class. Following **Kansas City So. Ry. Co. v. Wallace, supra.**

4.    **RAILROADS**—Lien for Construction—Right—Contractors and Subcontractors. Contractors and subcontractors, who bring themselves within the terms of the act, are included within the provisions of section 6166, Comp. Laws 1909 (Rev. Laws 1910, sec. 7803), providing that "every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work or labor upon * * * any railroad, shall have a lien therefor upon the roadbed," etc.

(Syllabus by Sharp, C.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action by M. Tansey against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Reed & McDonough,* for plaintiff in error.

*James W. Breedlove,* for defendant in error.

Opinion by SHARP, C. This is an action brought by plaintiff below, as a subcontractor of the Ferguson Contracting Company, to recover for money due from that company to him, and to have the amount so found due fixed as a charge, in the nature of a lien, against the property of the defendant below, plaintiff in error here. The latter company was engaged in the construction or reconstruction of its roadbed in Sequoyah county, Okla. The contract for the reconstruction, or for the building anew of certain parts of said roadbed, was let by the defendant to the said contracting company. The latter company sublet a part of this work to the plaintiff, who performed the work both directly and by subcontracts, and was in part paid for the work done, by the contracting company. Before final payment was due plaintiff, the contracting company failed, being largely in-

debted to numerous subcontractors, among whom was the plaintiff. Upon the trial the court found that there was due plaintiff from the contracting company $2,840.11, and that said plaintiff was entitled to a lien for that amount against the roadbed and other property of the defendant railway company, and rendered judgment accordingly, from which judgment this appeal has been prosecuted.

The first question urged is that, under the contract existing between the parties, the plaintiff waived the right to a lien, even though included within the provisions of section 6166, Comp. Laws 1909 (Rev. Laws 1910, sec. 7803). The exact question was before the court, and adversely decided, in *Kansas City Southern Ry. Co. v. Wallace et al.,* 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112, and it is unnecessary at this time to attempt to add to what was there held.

It is next urged that the act of May 26, 1908 (Sess. Laws 1907-08, pp. 494, 495), provides only for a lien to those who furnish labor and materials toward the equipment of a railroad, or to facilitate its operation, and not to those that furnish labor upon its roadbed. The same contention was urged, and adversely decided, in *Kansas City Southern Ry. Co. v. Rosier et al.,* 38 Okla. 231, 132 Pac. 908, and *Kansas City Southern Ry. Co. v. Wallace et al., supra.* These recent decisions render unnecessary the further consideration of this question.

The remaining question is that the statute providing that every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixture, or other thing, toward the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipment, income, franchises, and all other appurtenances of said railroad, does not within its terms include subcontractors. The exact question was before this court in *Kansas City Southern Ry. Co. v. Wallace, supra.* There the plaintiffs had a contract with the Ferguson Contracting Company, the same general contractor as in the instant case, to construct certain concrete abutments and piers, and to furnish material for the roadbed of the railway,

while, in the present case, the plaintiff had a contract with said Ferguson Contracting Company to build and construct certain portions of the roadbed along the right of way of said railway company, and to make certain line changes of said roadbed between given points. The opinion of this court in the latter case contains an exhaustive review of the authorities, and it was held, under the general language of the statute, that it was intended to, and did, include contractors and subcontractors who brought themselves otherwise within the terms of the act.

Finding no error in the trial below, the judgment should be affirmed.

By the Court: It is so ordered.