## KANSAS CITY SOUTHERN R. CO. et al. v. REINMAN.

No. 7164—Opinion Filed Jan. 9, 1917.

(162 Pac. 726.)

(Syllabus by the Court.)

1. **Railroads—Lien for Supplies—Persons Entitled—Hiring Mules to Contractor.**

One who hires his work mules to a construction company for a stipulated price to be used exclusively by the latter or its servants in grading or constructing the roadbed for a railway, pursuant to its contract with the railroad company, is not entitled to a lien for such hire upon the roadbed, buildings, equipment, etc., of said railroad by virtue of section 3868, Rev. Laws 1910, which provides: "Every mechanic, builder, artisan.

workman, laborer or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixtures or other thing towards the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipments, income, franchises, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, beneficiaries under trusts or owners."

2. **Same—Liens—Work or Labor—"Other Things"—Statute.**

Under section 3868, Rev. Laws 1910, providing a lien in favor of one who shall furnish any "materials, machinery, fixtures or other thing towards the equipment, or to facilitate the operation of any railroad," the words, "other things," have reference to things furnished similar to those denoted by the preceding words, and do not include the hire of work mules furnished by the claimant to a contractor for use in railroad construction, pursuant to a contract between the hirer and the railroad company.

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by Louis Reinman against the Kansas City Southern Railway Company and Ferguson Contracting Company. Judgment for plaintiff, and defendant railway company brings error. Reversed and remanded in part, with directions.

Kyle & McCombs and James B. McDonough, for plaintiff in error.

W. L. Curtis, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error Ferguson Contracting Company, defendant below, for the recovery of a sum of money alleged to be due for the hire of several spans of work mules, the Kansas City Southern Railway Company being made a party to the action for the purpose of having any judgment obtained against the contracting company declared a lien against the property of the railway company.

Hereafter for convenience the defendant in error will be designated as the "plaintiff," the Ferguson Contracting Company, "the Contracting Company," and the Kansas City Southern Railway Company, the "Railway Company."

The plaintiff in his petition alleges, in substance, that he hired certain teams of mules to the Contracting Company to be used by it for the purpose of grading, regrading, and construction work, pursuant to the terms of a certain contract between the Construction

Company and the Railway Company, for which hire it agreed to pay said plaintiff the sum of $675, which said sum is long past due and wholly unpaid, although demand has often been made therefor and refused. Upon trial of this issue there was judgment against the Contracting Company in favor of the plaintiff for the amount claimed, and a decree was also entered, fixing the amount of the judgment as a lien against the property of the Railway Company. The Railway Company excepted to the part of the action of the court fixing the amount of the judgment as a lien against its property, and in due time filed this proceeding in error in the Supreme Court for the purpose of having the same reviewed.

The evidence shows without material controversy that plaintiff was a resident of the state of Arkansas, in which state the alleged contract of hire between himself and the contracting company was entered into; that under this contract of hire the plaintiff retained no control over the mules and performed no labor with them, and in no manner directed their labor, either through himself or any one in his employ or service. The plaintiff had nothing whatever to do with the performance of any labor in any manner, either with the mules or personally for the Railway Company. Counsel for the Railway Company contend that:

"Under that state of the evidence it is respectfully submitted that there can be but one disposition of the case, and that is a reversal on the ground that the statute does not authorize a lien for the rent of mules."

The statute in question (section 3868, Rev. Laws Okla. 1910) provides:

"Every mechanic, builder, artisan, workman, laborer or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixture or other thing towards the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipment, income, franchises, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, beneficiaries under trusts or owners."

Various phases of this statute have received consideration by this court in the following cases: Kansas City Southern R. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112; Kansas City Southern R. Co. v. Tansey, 41 Okla. 543, 139 Pac. 267; Kansas City Southern R. Co. v. Rosier, 38 Okla. 231, 132 Pac. 908.

In the Wallace and Tansey Cases judgments for balances due for work and labor performed pursuant to contracts as subcontractors under the Ferguson Contracting Company, and in the Rosier Case a judgment for services performed by a laborer upon the roadbed, right of way, and tracks of the railway company were made liens upon the roadbed, buildings, and equipment, income, and franchises, and all other appurtenances of the railway company to enforce payment. These cases seem to be in line with the weight of authority, but in our opinion are not in point upon the precise question now raised. In the case at bar the plaintiff's right to a lien is based upon the fact that he hired his mules to the Contracting Company, who had the contract with the Railway Company to do the construction work. The plaintiff did no manual labor, either by himself or his servants, toward the construction of the railway. Whatever right he has, if any, arises from the use of his mules. It seems to us that when he hired his mules to the Contracting Company, to all intents and purposes they became the latter's property, the same as if it had purchased them outright; and for their use in connection with the construction work it probably would have been entitled to a lien. Whilst there are similar statutes in many of the states, no case has been called to our attention, nor have we been able to find any, which supports the contention of plaintiff, that he is entitled under the statute to a lien on the property of the railway company for the amount due him from the Contracting Company as hire for his mules. That he is not entitled to such lien under statutes of similar import is held in the following cases: Wood-Curtis & Co. v. El Dorado Lbr. Co., 153 Cal. 230, 94 Pac. 877, 16 L. R. A. (N. S.) 585, 126 Am. St. Rep. 80, 15 Ann. Cas. 382; Adams v. Burbank, 103 Cal. 646, 37 Pac. 640; Richardson v. Hoxie, 90 Me. 227, 38 Atl. 142; Mabie v. Sines, 92 Mich. 545, 52 N. W. 1007; Edwards v. White Lbr. Co., 108 Wis. 164, 84 N. W. 150, 81 Am. St. Rep. 884; Eastern Texas R. Co. v. Foley, 30 Tex. Civ. App. 129, 69 S. W. 1030; Ft. W. & D. R. Co. v. Read Bros. et al. (Tex. Civ. App.) 154 S. W. 1027; St. L., I. M. & S. R. Co. v. Love, 74 Ark. 528, 86 S. W. 395.

The statute under discussion in the latter case is identical with our own, in that it gave a lien to one who "shall furnish any material, machinery, fixtures or other things toward the building, etc., of any railroad." The court held the words "or other things" have reference to things furnished similar to those denoted by the preceding words, and do not include the hire of teams furnished by the claimant to a subcontractor for use in repairing a railroad.

The case of Mendenhall v. Gray, 167 Cal. 233, 139 Pac. 67, a California case, cited by the plaintiff as supporting his contention, upon a casual reading might seem to be in

point to that effect and contrary to the California cases hereinbefore cited, but such really is not the case. The state of California, it seems, had a general lien statute very similar to our section 3868, supra, and subsequently passed an additional statute, expressly creating a lien in favor of persons supplying power by means of teams, wagons, etc., used in the construction of any railroad. The Mendenhall Case construes the statute as amended, and therefore is not in conflict with the California cases relied upon by the Railway Company. The case undoubtedly, as all the other cases do, recognizes the principle that, unless the statute gives a lien for the hire of teams, no such lien exists. It is true that statutes of this kind giving liens to laborers, mechanics, and workmen are equitable in their character, and are to be liberally construed to advance their objects, yet the remedy they provide is purely statutory, and they should not be extended to cases not reasonably within their purview. In our judgment, to permit the lien allowed herein to stand and be enforced would be stretching the lien law beyond any reasonable limit.

For the reasons stated, the part of the judgment granting the plaintiff a lien upon the property of the Railway Company is reversed and remanded, with directions to set the same aside.

All the Justices concur.