## CALDWELL v. STEINFELD et al.

(Circuit Court of Appeals, Ninth Circuit.   December 17, 1923.)

No. 4040.

1. Mechanics' liens ⬡➡108—Owner of equipment hired by contractor held not entitled to lien; "labor or furnish materials."

Civ. Code Ariz. 1913, par. 3639, gives a lien for labor, materials, or tools used in the construction or improvement of a building, structure, or other improvement, while paragraph 3653 gives a lien to all persons who "may labor or furnish materials" in the construction of any canal, water ditch, aqueduct, or reservoir. *Held*, that a claimed lien on an irrigation system was governed by the latter section, and that under it an owner of teams and equipment, who hired them to another, who did the work of construction, was not entitled to a lien.

2. Mechanics' liens ⬡➡5—Specific prevail over general provisions of statute.

Where a mechanic's lien statute contains a specific provision naming a precise form of structure or improvement, it must be applied in respect to such structure or improvement, to the exclusion of general provisions.

Appeal from the District Court of the United States for the District of Arizona; Maurice T. Dooling, Judge.

Suit by T. M. Caldwell against Albert Steinfeld and others. Decree for defendants (289 Fed. 521), and complainant appeals. Affirmed.

The appellant brought a suit to establish and foreclose a lien upon a certain irrigation system known as the Valley Farms Water Company project, consisting of canals and water ditches, together with the flumes, culverts, gates, dams, etc., appurtenant thereto. The complaint alleged that the appellee Post was one of the owners of said system, that with the knowledge and consent of the other owners he had charge of the construction of the same, and that on October 16, 1919, he, acting for himself individually and as agent for the other owners, entered into a contract with the appellant whereby the latter agreed to furnish the labor of certain horses and mules, and certain machinery, fixtures, and tools to be used in the construction of said canals and water ditches, and that on April 1, 1920, a supplemental agreement was entered into between said parties for the further use by said Post of said horses, mules, and machinery, etc., described in the prior contract. The complaint alleged that the reasonable as well as the agreed value for the use of said property so furnished by the appellant was $9,692.55, which became payable on August 5, 1920, of which sum $4,341.50 and no more has been paid. It was further alleged that the proper and necessary notices to create a lien under the Arizona statute were duly given and filed. The complaint was dismissed for want of sufficient facts to constitute a cause of suit.

Thomas Armstrong, Jr., Ernest W. Lewis, R. Wm. Kramer, and James R. Moore, of Phœnix, Ariz., for appellant.

Samuel L. Kingan, John H. Campbell, and Archie R. Conner, all of Tucson, Ariz., for appellees.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellant contends that the statute applicable to the question whether he is given a lien by the law of Arizona is paragraph 3639, Civ. Code 1913, which creates a lien for—

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"one who may labor or furnish materials, machinery, fixtures or tools to be used in the construction, alteration, erection, repair or completion of any building or other structure or improvement whatever."

The appellees contend that the applicable statute is paragraph 3653, which provides:

"All persons who may labor or furnish material of any kind in the construction, alteration or repair of any canal, water ditch, flume or aqueduct or reservoir, bridge, fence or other structure or improvement, and to whom money or wages are due, or owing therefor, shall hereafter have a lien upon the same for such sums as are unpaid."

Both sections are contained in the Revised Statutes of Arizona of 1913, and both were in force at the time of the transactions referred to in the complaint herein. It seems clear to us that paragraph 3653 is the statute which controls decision in the present case. It refers to and names explicitly the kind of structure or improvement which is described in the complaint.

[2] If paragraph 3639 were the only statute giving a lien, it might be held that the canal and ditches described in the complaint herein were contemplated in the words "other structure or improvement"; but where, as here, there is a specific statute naming a precise form of structure or improvement, it must prevail over a more general statute under the rule announced in United States v. Chase, 135 U. S. 255, 260, 10 Sup. Ct. 756, 757 (34 L. Ed. 117), where the court said:

"It is an old and familiar rule that, 'where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.'"

So in Townsend v. Little, 109 U. S. 504, 512, 3 Sup. Ct. 357, 362 (27 L. Ed. 1012), the court referred to the well-settled rule:

"That general and specific provisions, in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general."

The question remains whether under section 3653 the appellant may be said to be one who has labored or furnished material of any kind in the construction, alteration, or repair of the irrigation system described in the complaint. We think the question must be answered in the negative. It seems unanimously to have been held under lien statutes similar to that which is here under consideration that the owner of horses, equipment, or machinery, who furnishes them to another to aid in construction or improvements, or in any work for which a lien is given, but who performs no manual labor or other services in connection therewith, is not entitled to a lien. 17 R. C. L. 1120; McKinnon v. Red River Lumber Co., 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872; Potter Mfg. Co. v. A. B. Meyer & Co., 171 Ind. 513, 86 N. E. 837, 131 Am. St. Rep. 267; Lohman v. Peterson, 87 Wis. 227, 58 N. W. 407; Mabie v. Sines, 92 Mich. 545, 52 N. W. 1007; Edwards v. Waite Lumber Co., 108 Wis. 164, 84 N. W. 150, 81 Am. St. Rep. 884; Richardson v. Hoxie, 90 Me. 227, 38 Atl. 142.

The appellant' cites cases arising under surety bonds, such as Multnomah Co. v. United States Fidelity & Guaranty Co., 92 Or. 146, 180 Pac. 104, and Dawson v. Northwestern Const. Co., 137 Minn. 352, 163 ·N. W. 772, decided by the Supreme Court of Minnesota. In the Oregon case the court affirmed the construction which had been given to the Oregon statute in Multnomah Co. v. United States F., etc., Co., 87 Or. 198, 170 Pac. 525, L. R. A. 1918C, 685, in which it had been pointed out that the act and the bond under consideration were susceptible of a more liberal construction than the lien statutes, and that the construction of the latter would afford but little assistance in arriving at the intent of the former. So in the Minnesota case the obligor in the bond was to pay all just claims for "all work and labor performed and all skill, tools, machinery, or material furnished," and the court distinguished the case from its prior decision in McKinnon v. Red River Lumber Co., 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872, which we have cited above, and observed that the statute and·bond under consideration in the Dawson Case "used language that is much broader."

The·decree is affirmed.

---

&=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes