## KANSAS CITY SOUTHERN RY. CO. v. ROSIER *et al.*

### No. 2639. Opinion Filed June 3, 1913.

#### (132 Pac. 908.)

**RAILROADS—Laborer's Liens—Railroad Right of Way.** Under section 6166, Comp. Laws 1909 (Rev. Laws 1910, sec. 3868), laborers who perform labor upon the roadbed, right of way, and tracks of a railway company are entitled to a lien upon its roadbed, buildings, and equipments, income, franchises, and all other appurtenances to enforce payment therefor.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action by Doll Rosier and others against the Kansas City Southern Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Read & McDonough,* for plaintiff in error.
*W. L. Curtis,* for defendants in error.

DUNN, J.   This cause presents error from the district court of Sequoyah county and is an action brought by a number of laborers on the line of the Kansas City Southern Railway Company, plaintiff in error, to recover for services rendered and to enforce a lien for the payment therefor against the roadbed, buildings, equipment, etc., of the said railroad company. The answer was a general denial and an averment that the plaintiffs were not entitled to the relief demanded, and there was no right under the law for owners of the debts to assign the same or assign the claim for a lien. On the issues thus made, the cause came on for trial and resulted in a judgment for plaintiffs. The motion for a new trial filed was denied, and from the judgment rendered the cause has been lodged in this court for review.

There is but one question raised by the motion for a new trial, which is that the court erred in holding that under section 6166, Comp. Laws 1909 (Rev. Laws 1910, sec. 3868), plaintiffs were entitled to a lien. The statute reads as follows:

"Every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work or labor upon, or furnish any materials, machinery, fixtures or other thing towards the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipments, income, franchise, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees and beneficiaries under trust or owners."

The labor performed for which a lien is claimed was done under a contract with George Keyes, a subcontractor, and it is the contention of counsel for the railway company that the act in question did not give a lien upon the property of a railroad for labor upon a roadbed, although it is conceded that those who performed services or furnished materials contributing to the equipment of the railroad, were, under the act, entitled to a lien. We are unable to concur in this contention of counsel. As we view it, the intention of the Legislature is manifested and made clear by stripping the act of those phrases and elements not essential for consideration nor involved here, whereupon it would read as follows:

"Every * * * laborer * * * who shall do or perform any labor or work upon * * * any railroad shall have a lien therefor upon the roadbed, buildings," etc.

The object of the word "upon" is not *equipment,* but *any railroad;* this seems to us to be the only construction to which the act is susceptible that has any logical reason to support it. If the act is open to two constructions, the one for which a reason in consonance with its plain purpose can be given ought to be adopted rather than an arbitrary one for which no good reason can be found. For why should the Legislature give a lien to the man who performs work on the equip-

ment and not to the man who builds the roadbed? The plaintiffs herein are not subcontractors but are laborers whose demands are in amounts ranging from 50 cents to $39.40, and the species of service performed was labor upon the roadbed, right of way, and tracks of the railway company, to enforce the payment for which, in our judgment, this statute gives a right to a lien. There are several other questions urged, but, not being presented by the motion for a new trial, must be held to have been waived; and anyhow the one decided is the only one of real merit and clearly the one to determine which the case was brought here.

Under these circumstances, finding no error in the judgment of the trial court, the same is affirmed.

All the Justices concur.