ALBERT E. MCMULLIN *vs.* GEORGE MCMULLIN,

and Spruce Logs.

Franklin.    Opinion December 29, 1898.

*Lien. Logs. R. S , c. 91, § 38.*

One who lets his horse to another by the month to haul logs has no lien upon the lumber. The hirer may have.

See *Same* v. *Same,* post, 338.

ON EXCEPTIONS BY CLAIMANT.

Assumpsit to recover twenty dollars due the plaintiff for the use and service of his horse in the employ of the defendant hauling spruce logs and lumber. The log owner assumed the defense of the action.

The bill of exceptions is as follows :

The plaintiff testified that he let his horse to the defendant at five dollars per month, to work hauling lumber; that sometime during the winter the plaintiff himself hired out with the defendant working on a contract, made independent of the one for his horse; that his labor had nothing whatever to do with the labor of

the horse; that the defendant had the exclusive control and care of the horse. ∘ (The plaintiff also testified that he was a minor nineteen years old, and it appeared from the plaintiff's writ that the said minor commenced said action in his own name, without a prochein ami, or guardian, or guardian ad litem, and none being asked for or appointed during the trial, the claimant moved that said action be dismissed or become nonsuit. For decision of this question of infancy, see case following. Rep.)

Thereupon the presiding justice ruled that the plaintiff had a lien on said lumber for the services of said horse; and also that the action having been instituted by said minor in his own name without a prochein ami, or guardian, and that unless objection to the same be taken by motion or plea in abatement within the first two days of the return term, the action at this stage was properly in court.

To this ruling the claimant excepted.

*E. O. Greenleaf*, for plaintiff.

It may be that the price plaintiff was to receive for his personal labor and that of his horse were separately agreed upon, but that both he and his horse worked in the cutting and hauling of the logs described in the writ is not denied, but admitted, and it can make no difference to defendant whether it is all paid in one sum, or two parts; the result being the same. It makes no difference whether the plaintiff worked for $20.00 a month for himself, and $5.00 for his horse, or for $25.00 per month self and horse. They were all engaged in the same operation, even if plaintiff may not have driven his horse all the time.

The statute giving a lien on logs cut and hauled as these were is intended to be an equitable one, and should be liberally construed to the benefit of the laborer whom it was intended to protect.

*Frank W. Butler*, for claimant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. Assumpsit for the use of a horse in hauling logs upon which a lien therefor is claimed. The presiding justice ruled

in favor of the lien and the owner of the logs has exception. It appears that plaintiff let his horse to the defendant by the month to haul lumber. The horse thereby became the defendant's horse for the time being, and he it was who might have a lien for "personal services and the services performed by his team," not the plaintiff. *Richardson* v. *Hoxie*, 90 Maine, 227. Moreover, the case does not show that any services by anybody were performed in hauling claimant's logs.

*Exceptions sustained.*