### CALDWELL v. POST et al.

(District Court, D. Arizona. April 24, 1923.)

No. E–94.

Mechanics' liens &=108—Owner of equipment hired by contractor not entitled to lien.

Where teams and equipment were furnished by the owner to another, who used them in improvement of the property of a third party, any statutory lien on the property improved exists in favor of the hirer, who did the work, and not of the owner of the teams and equipment.

In Equity Suit by T. M. Caldwell against Edwin R. Post, doing business as the Edwin R. Post Company, and others. On motion to dismiss bill. Granted.

Armstrong, Lewis & Kramer, of Phœnix, Ariz., for plaintiff.
Kingan, Campbell & Conner, of Tucson, Ariz., for all defendants except Fidelity Savings & Loan Ass'n.

DOOLING, District Judge. Plaintiff seeks to have established and enforced a lien upon certain canals and water ditches, rights of way, bed, and banks, and land used in connection therewith, together with

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes·

the flumes, culverts, gates, dams, wells, pumps, and pumping plants supplying and intending to supply the said canals and ditches with water; the said canals, ditches, etc., being those of Valley Farms Water Company project, also known as the Santa Cruz Valley Farms project, and the Post project, situated in Pima county, and described particularly in the complaint. It is averred that the defendants, other than Pima Farms Company and Fidelity Savings & Loan Association, are the owners and in possession of the property, but there is no averment as to who owned the property at the time the contract sued upon was entered into, or the work alleged was done. It is averred that plaintiff entered into a written contract with defendant Edwin R. Post for the furnishing to him of certain horses, mules, and construction equipment, to be used in and upon the building and construction of the canals and water ditches described, and the said contract is set out in full. The contract itself makes no mention of where or for what purpose the property thus to be furnished was to be used. It is further averred, however, that by virtue of said agreement, and a supplemental written agreement extending the time of use of said property, plaintiff furnished for use, and there was used by said Post, in and upon the construction of the canals and water ditches described, the horses, mules, and construction equipment mentioned in the contracts, and that the reasonable as well as the agreed value for the use of said horses, mules, and equipment upon said work was $9,692.55, and that of said amount only $4,341.50 has been paid by said Post, and that there is still due from said Post $5,351.05 for the use of said horses, mules, and equipment in the construction of said canals and water ditches, after deducting all just credits and offsets. Then follow appropriate averments of the filing and delivery of the necessary notices to create a lien under the Arizona statute.

The complaint is challenged by motions to dismiss. Whatever may be the rule where horses and equipment are furnished by their owner directly to the owner of the property to be improved, it seems to be settled that where they are furnished by the owner to a third party, who in turn uses them in the improvement of the property of another, if there be any lien existing at all, such lien exists in favor of the third party, who stands in the place of the owner by reason of his contract of hiring. McMullin v. McMullin, 92 Me. 336, 42 Atl. 500, 69 Am. St. Rep. 510; Richardson v. Hoxie, 90 Me, 227, 38 Atl. 142; Edwards v. Lumber Co., 108 Wis. 164, 84 N. W. 150, 81 Am. St. Rep. 884; Mabie v. Sines, 92 Mich. 545, 52 N. W. 1007; McKinnon v. Lumber Co., 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872; Lohman v. Peterson, 87 Wis. 227, 58 N. W. 407; McAuliffe v. Jorgenson, 107 Wis. 132, 82 N. W. 706; Potter Co. v. Meyer, 171 Ind. 513, 86 N. E. 838, 131 Am. St. Rep. 267.

As the teams here were furnished to Post, who is not averred to have been the owner of the canals, ditches, etc., at the time of the hiring and use by him of the teams and equipment, if there be any right of lien accorded by the Arizona Statute, such right would be accorded to Post, and not to the plaintiff.

For this reason the present complaint does not state a cause of action, and the motions to dismiss will be granted.