## M. OPPENHEIMER ET AL. v. G. R. MORRELL.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 26, 1887—Decided January 3, 1888.

Under the mechanics' lien act of June 16, 1836, P. L. 696, a material man is not entitled to a lien for materials furnished to the contractor for his temporary use in the erection of the building and not to form a part of the structure, even though they may have been furnished on the credit of the building.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 63 October Term 1887, Sup. Ct., court below, No 202
April Term 1887.

In an amicable scire facias upon a mechanics' lien filed to
No. 27 January Term 1887, wherein G. R. Morrell was plaint-
iff and M. Oppenheimer, owner, and John Burkett, contractor,
were defendants, the parties on February 11, 1887, filed an
agreement in the form of a case stated, showing the facts fol-
lowing:

John Burkett, a bricklayer, contracted with M. Oppenheimer,
one of the defendants above named, to furnish the bricks and
brick work in and about the erection of a certain building
owned by the said defendant.

G. R. Morrell, the plaintiff above named, with knowledge
of the contract between the said Burkett and Oppenheimer,
furnished, during the progress of the work, to the said Burkett,
and upon the credit of said building, certain lumber of the
value of $81.78, for the purpose (for which purpose it was so
used) of erecting scaffolding, to be used in laying the bricks
in the erection and construction of the building aforesaid.

If the court be of the opinion that the said G. R. Morrell is
entitled to a lien against the said building for the material so
as aforesaid furnished and used, then judgment to be entered
in favor of plaintiff and against defendants, in the sum of
$81.78, with interest thereon from June 13, 1886; but if not,
then judgment to be entered for the defendants; the costs to
follow the judgment, and each party reserving the right to sue
out a writ of error thereon.

On hearing, the court, EWING, P. J., filed the following
opinion and decree:

And now, February 16th, after argument and upon considera-
tion, the court being of the opinion that the law is with the
plaintiff, judgment is entered on the case stated in favor of the
plaintiff for the sum of $81.78 with costs of suit.

An exception having been taken to said judgment, the de-
fendants took this writ, assigning the said order entering judg-
ment as error.

*Mr. Joseph Stadfield* (with him *Mr. Walter Lyon*), for the plaintiffs in error:

The act of June 16, 1836, P. L. 696, declares that every building within its operation "shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the erection or construction of the same." The right to the lien must be found in the statute. For lumber furnished specifically for scaffolding, with knowledge at the time that it would never be incorporated into the building, the owner is not entitled to the security of a lien: Phillips Mech. Liens, 66, 211, 218; Lambard v. Pike, 3 Redington 144; Esslinger v. Huebner, 22 Wis. 602; Hinchman v. Graham, 2 S. & R. 171; Odd F. Hall v. Masser, 24 Pa. 510; Wallace v. Melchior, 2 Br. 105; Dimmick v. Cook, 19 W. N. 239; Gray v. Holdship, 17 S. & R. 413; Harlan v. Rand, 27 Pa. 513; Jarechi v. Philharmonic Society, 79 Pa. 403; McEntee v. Thomas, 9 W. N. 252; Barclay's App., 13 Pa. 496; Bash v. Sener, 1 Penny. 24.

*Mr. Richard A. Kennedy*, for the defendant in error:

It is not necessary that the work should be done or the materials used directly upon the improvement itself, provided it was required for the performance of the contract with the owner: Kneeland, M. L., § 72. If the materials were never used for any purpose, nevertheless, if furnished for the construction of and on the credit of the building, they would be protected by the lien: Church v. Allison, 10 Pa. 416; Hazard Powder Co. v. Byrnes, 12 Abb. Pr. 469; Dixon v. LaFarge, Smith, C. P., 722. The scaffolding was necessary for the erection and construction of the house, which could not have been built without it.

OPINION, MR. JUSTICE STERRETT:

The case stated represents that Burkett, one of the defendants below, contracted with his co-defendant, Oppenheimer, to furnish and lay the brick in and about the erection of a building owned by the latter. During the progress of the work, and with knowledge of said contract, Morrell, plaintiff below, furnished to Burkett, on the credit of the building, lumber for the purpose of erecting scaffolding to be used in laying the brick, and the same was so used.

The single question suggested by the admitted facts is whether Morrell thereby acquired a lien on the building. We think he did not, for the reason that the lumber was neither used nor intended to be used in the construction of the building, and is therefore not within either the letter or spirit of the statute. The mechanics' lien law is a species of class-legislation, giving to material men and others a special remedy, the scope of which should not be unnecessarily enlarged by a too liberal construction of the act. When lumber or other material, suitable in kind and quality for a particular building, is furnished to the contractor, on its credit, the material man is not bound to see that it is actually used in the structure. He is entitled to his lien whether the material is so used or not, because the contractor, in providing suitable materials for the building, is quasi agent of the owner; but when, as in this case, he knows the material is to be used merely for the purpose of erecting temporary scaffolding to facilitate the work of the contractor, and it is in fact so used, he has no right to a lien, notwithstanding he may have furnished it on the credit of the building. Such a claim is no more within the purview of the statute than would be one for pickhandles furnished to facilitate the work of excavating the foundation for the building.

Judgment reversed, and now judgment is entered on the case stated in favor of defendants below.