## Craig, Appellant, v. Commercial Trust Company.

*Mechanic's lien—Covenant against liens—Building contract.*

A firm of contractors before entering into a building contract proceeded at their own risk and without any direction from the owner to demolish an old building, and for the purpose of this work ordered lumber which could not be used in the erection of the new building. Several days after the lumber was delivered, the building contract was executed. This contained a "no lien" stipulation, and was duly recorded in the office of the prothonotary. *Held*, that as the lumber did not actually enter into the building, and was delivered before any contractual relation existed between the contractors and the owner, and as the contract forbade liens, no mechanic's lien could be filed against the building.

Argued Jan. 4, 1905. Appeal, No. 88, Jan. T., 1904, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1901, No. 416, M. L. D. on verdict for defendants in case of George F. Craig, trustee for creditors of Charles Benton, Bankrupt, v. The Commercial Trust Company, owner or reputed owner; Charles P. Hart and John S. Hart, trading as Samuel Hart & Son, contractors. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Scire facias sur mechanic's lien.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for the defendants.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* were in giving binding instructions for defendants.

*Frank P. Prichard,* with him *Thomas S. Gates,* for appellant, cited: Oppenheimer v. Morrell, 118 Pa. 189; Presbyterian Church v. Allison, 10 Pa. 413; Odd Fellows' Hall v. Masser, 24 Pa. 507; Singerly v. Doerr, 62 Pa. 9; Hinchman v. Graham, 2 S. & R. 170; Willey v. Topping, 146 Pa. 427; Lee v. Williams, 22 Pa. Superior Ct. 564.

*Ira Jewell Williams* and *John Hampton Barnes,* with them *Simpson & Brown,* for appellees, cited: Oppenheimer v. Morrell, 118 Pa. 189; Bradley v. Gaghan, 208 Pa. 511; Brown v. Cowan, 110 Pa. 588; Waters v. Wolf, 162 Pa. 153; Schroeder v. Galland, 134 Pa. 277; Gordon v. Norton, 186 Pa. 168; Williamson v. Tunis, 19 Pa. Superior Ct. 207; Healy v. Wayne Title & Trust Co., 19 Pa. Superior Ct. 371.

PER CURIAM, March 6, 1905:

On February 8, 1901, Charles Hart & Son commenced tearing down the old building which stood at the corner of Fifteenth and Market streets, Philadelphia.    This was preparatory to a contract which they expected to get from the Commercial Trust Company for the erection of a new building on the site of the old one.    At the time they had no contract with the owner, the Commercial Trust Company, nor any other person who had power to contract for even the demolition of the old building. Furness, Evans & Company who represented as architects the Arcade Real Estate Company told Hart & Son that they might at their own risk and their own responsibility tear down the old building.    Hart & Son, doubtless knowing that the old material was probably worth the risk, tore down the building. While the work was going on, February 9, 1901, Hart & Son ordered hemlock and pine lumber from Charles Benton to the value of about $2,500, which was principally if not all used in scaffolding, "shoring up" and for other temporary purposes.

On February 16, 1901, Hart & Son made a contract with the owners, the Commercial Trust Company for the erection of the new building; the contract contained a " no lien " stipulation as provided in the Act of June 26, 1895, P. L. 369, and was duly recorded in the office of the prothonotary. Hart & Son failed to pay for the lumber and Benton filed this lien. The owner, the Commercial Trust Company, did not deny that the lumber had been delivered to Hart & Son by Benton, but it averred that the kind and quality of the lumber were such that it could not have been, and the material man must have known was not, intended to be used in the construction proper of the new building, and therefore was not the subject of a lien.

Under Oppenheimer v. Morrell, 118 Pa. 189, and like cases, the court below took this view of the evidence and instructed the jury to find for defendant. The new building was to be erected at a most important and conspicuous point in the city, was to be of stone, brick and iron. No one knew better than the material man, that his sap pine and hemlock boards, ranging from $15.00 to $20.00 per thousand, could not reasonably, properly form part of such a structure. This of itself would not have excluded the material man from a right of lien, but it cast on him the burden of showing that the lumber actually entered into the structure or that it was furnished the contractors on the credit of the building by reason of the latter's contractual relation with the owner. On this point the plaintiff's proof wholly failed. He showed that at the date the lumber was ordered Hart & Son were engaged in tearing down the old building and to that extent were in possession of the ground, but this was not by contract with or permission of the owner, this defendant, but by permission of architects acting for another company; and, further, the contractors were distinctly told that if they proceeded to demolish the old building they must do so at their own risk. There was no relation of contractor and owner whatever as yet between them and the trust company, the owner; that relation came into existence not until three days later. But when it was created eight days after the lumber was ordered, it contained the fatal stipulation by Hart & Son that no lien should be filed.

It cannot be plausibly argued, from the mere fact, that because Hart & Son were taking down the old building when

they ordered the lumber, that Benton was warranted in assuming that they were contractors for the owner. When they did become such contractors the records plainly showed him no lien could be filed against the building by either contractors or subcontractors.

While many supplements intended to favor mechanics and material men have been passed to the act of 1836, there are still some cases where the owner can aver that his property is protected from wholly unauthorized claims. This is one of them.

All the assignments of error are overruled and the judgment is affirmed.