## Hoffman Lumber Co., Appellant, *v.* Gibson et al.

*Mechanic's lien—Subcontractor—Materials—Lumber for scaffolding—Act of June 4, 1901, P. L. 431.*

Under the Act of June 4, 1901, P. L. 431, a subcontractor is not entitled to file a mechanic's lien for lumber used for scaffolding, and for sheds for protection of material, not entering into the permanent structure of the building.

Argued October 12, 1922. Appeal, No. 202, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1921, No. 2534, on verdict for plaintiff, in case of Hoffman Lumber Co. v. John Gibson et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mechanic's lien.    Before SWEARIN-GEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,132.94. Plaintiff appealed.

*Error assigned* was portion of charge, referred to in opinion of Supreme Court, quoting it.

*A. S. Moorhead,* of *Dunn & Moorhead,* for appellant.

*Lawrence D. Blair* and *Moorhead & Knox,* for appellee, were not heard.

PER CURIAM, January 3, 1923 :

Defendants, owners of a lot of ground on the northeast corner of Penn and Richland Avenues, Pittsburgh, entered into a contract with Walter A. Barker for the erection of a brick factory building on the land.   Barker entered into an oral contract with plaintiff company for the lumber and mill work required for the building. Pursuant to the agreement, plaintiff delivered to the premises, between October, 1920, and February, 1921, materials amounting to $6,086.53, on account of which there was paid $2,500 and a credit allowed for $63.50 for property returned.   The contractor having failed to pay the balance of the claim the mechanic's lien in question was filed.

By the uncontradicted testimony it appears a considerable portion of the lumber delivered on the premises by plaintiff was for temporary use by the contractor in erecting scaffolding, constructing sheds for protecting materials and making concrete forms and runways, no part of the lumber so used becoming a permanent part of the building.   The lower court charged that no recovery could be had for materials not actually used in the building and that defendant was not responsible for lumber used in the manner above indicated and which

did not and was not intended to become part of the structure. A verdict was rendered in plaintiff's favor for the amount of its claim, less the value of rough lumber not actually made part of the building. Plaintiff appealed and assigned for error the instructions above indicated.

The Act of June 4, 1901, P. L. 431, which gives a lien for labor and material, provides, inter alia, in section 1, that a subcontractor who, by contract or agreement, express or implied, with the contractor, or one who represents him, furnishes supplies or hauls material "reasonably necessary for and actually used" in the building or structure, shall be entitled to a lien against the property for the amount of his claim. The legislation quoted confers on mechanics and materialmen a special privilege not enjoyed by others and its provisions must not be too liberally enlarged by construction: Oppenheimer v. Morrell, 118 Pa. 189, 192. To bring a claim by a subcontractor within the provisions of the statute it must appear that the material furnished was reasonably necessary in the construction of the building and also that it actually became a part of the permanent structure. The testimony fails to establish either of these requisites. Lumber furnished for the purposes above set out, owing to the character of its use, is in effect similar to the tools and appliances the contractor is obliged to furnish to carry out his contract and is no more the subject of a lien than such implements would be and, consequently, not within either the letter or spirit of the statute.

The judgment is affirmed.