2023 PA Super 206

| R.A. GREIG EQUIPMENT COMPANY | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ERIE HOSPITALITY, LLC | : | No. 217 WDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Erie County Civil Division at No(s):
10579-2022

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.*

OPINION BY OLSON, J.: **FILED: October 19, 2023**

Appellant, R.A. Greig Equipment Company, appeals from the January 25, 2023 order sustaining preliminary objections filed by Appellee, Mark Erie Hospitality, LLC. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On March 9, 2022, [] Appellant filed a mechanics' lien claim against [Appellee] to secure a lien against two adjacent properties of [Appellee's] located in the City of Erie, Pennsylvania. The adjacent properties are referenced in one or more subsequent filings as the "hotel" parcel and the "vacant" parcel. The mechanics' lien was reinstated on March 30, 2022.
>
> The claim is for the alleged window sticker replacement costs of $135,311.00 for a piece of construction equipment, a "Telehandler-2019 Haulotte LT 9055 SN#2065360" (Telehandler) leased by [Appellant] to [Appellee]. The claim is also for certain unpaid rental charges of $56,392.00 for the Telehandler. These rental charges are the claimed charges due

---

* Former Justice specially assigned to the Superior Court.

for the 19-month period from September 8, 2020 to February 21, 2022 following the removal of the Telehandler from the construction site after it was allegedly damaged on September 5, 2020. The total lien against the two properties was tallied at $191,703.00.

***

[On November 15,] 2022, [] [Appellee] filed a preliminary objection to [Appellant's] mechanics' lien claim and a brief in support. On December 8, 2022, Appellant filed a response to [Appellee's] preliminary objections and a brief.[1]

On January 25, 2023, the [trial c]ourt sustained [Appellee's] preliminary objection to the mechanics' lien and struck the lien [because it concluded that the Telehandler and rental payments were not "materials" within the definition of the Mechanics' Lien Law. 49 P.S. §§ 1101-1902. This timely appeal followed.[2]]

Trial Court Opinion, 3/16/23, at 1-2 (footnote and superfluous capitalization omitted) (footnotes added).

Appellant raises the following issues on appeal:

1. Did the trial court commit an error of law when it sustained Appellee's preliminary objection and struck Appellant's

_____

[1] On December 15, 2022, Appellant filed a release of mechanics' lien claim as to the vacant parcel. Hence, the scope of Appellant's preliminary objection was limited to the lien against the hotel parcel.

[2] The trial court's order sustaining Appellee's preliminary objection did not expressly dismiss Appellant's mechanics' lien with prejudice. The order, however, did not grant Appellant leave to amend. Moreover, a fair reading of the trial court's 1925(a) and January 25, 2023 opinions reflect the trial court's belief that amendment would not cure the legal deficiencies within Appellant's mechanics' lien action. As such, the trial court's January 25, 2023 order effectively treated Appellee's preliminary objections as a demurrer to Appellant's filing. We have treated trial court orders sustaining preliminary objections in the nature of a demurrer as final orders that are subject to immediate appeal. *See Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 138 (Pa. Super. 2008), *appeal denied*, 970 A.2d 431 (Pa. 2009).

mechanic's lien claim ("Claim") even though the Claim complied with the requirements of the Mechanics' Lien Law of 1963 ("Act") at 49 P.S. § 1503?

2. Did the trial court commit an error of law when it sustained Appellee's preliminary objection and struck the Claim when it concluded that Appellant's equipment [did not constitute] "materials" as defined by the Act at 49 P.S. § 1201(7) or otherwise allowed by the Act?

3. Did the trial court commit an error of law when it sustained Appellee's preliminary objection and struck the Claim when it concluded that the Claim for replacement cost[s] and unpaid rental charges on its equipment were "unliquidated" even though the damages were itemized in the Claim?

Appellant's Brief at 4.

All of Appellant's claims challenge the trial court's order sustaining Appellee's preliminary objections and striking Appellant's mechanics' lien. As such, we will address Appellant's various claims together. We apply the following principles in conducting our review:

> As a trial court's decision to [sustain or overrule] a demurrer involves a matter of law, our standard for reviewing that decision is plenary. Preliminary objections in the nature of demurrers are proper when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint. Moreover, when considering a motion for a demurrer, the trial court must accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.

> ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425, 436 (Pa. 2004) (citations and internal quotation marks omitted); accord, ***Friedman v. Corbett***, 72 A.3d 255, 257 n.2 (Pa. 2013). Furthermore,

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on

- 3 -

preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint[.] Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Bargo v. Kuhns*, 98 A.3d 686, 689 (Pa. Super. 2014) (citation omitted).

A subcontractor's general right to seek a mechanic's lien is set forth in Section 1301(a) of the Mechanics' Lien Law. It states:

**(a) General Rule.** Except as provided under subsection (b), every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($500).

*Id*. Thus, "[t]he statutory basis for a mechanics' lien expressly limits the lien to amounts owed for labor and materials only" because it is "'intended to protect the prepayment of labor and materials that a contractor invests in another's property, by allowing the contractor to obtain a lien interest in the property involved.'" *Artsmith Development Group, Inc. v. Updegraff*, 868 A.2d 495, 496 (Pa. Super. 2005), *citing* *Matternas v. Stehman*, 642 A.2d 1120, 1124 (Pa. Super. 1994).

In this instance, the main issue is whether the Telehandler and rental payments constitute "materials" within the meaning of the Mechanics' Lien Law. The Mechanics' Lien Law defines "materials" as "building materials and supplies of all kinds, and also includes fixtures, machinery and equipment reasonably necessary to and incorporated into the improvement." 49 P.S § 1201(7). Our research has uncovered few Pennsylvania cases that interpret the term "materials" as defined by Section 1201(7) of the Mechanics' Lien Law. Nonetheless, our Supreme Court's decision in **Hoffman Lumber Co. v. Gibson**, 119 A. 741 (Pa. 1923) provides insight into our inquiry even though the Court interpreted and applied a prior version of our Mechanics' Lien Law.

In **Hoffman**, Walter A. Barker and the owners of a parcel in Pittsburgh, Pennsylvania, entered into a contract to "erect[] a brick factory building on the land." **Id.** at 741. Barker then entered into an oral contract with the plaintiff, Hoffman Lumber Company ("Hoffman Lumber"), to supply lumber and millwork for the building. **Id.** "Pursuant to the agreement, [Hoffman Lumber] delivered to the premises, between October, 1920, and February, 1921, materials amounting to [$]6,086.53, on an account of which there was paid $2,500[.00] and a credit allowed for the property returned." **Id.** Importantly, though, "uncontradicted testimony" revealed that "a considerable portion of the lumber delivered by [Hoffman Lumber] was for temporary use" and that "no part of the lumber so used [became] a permanent part of the building." **Id.** Thereafter, the aforementioned balance was not paid and Hoffman Lumber filed a mechanics' lien. **Id.** The trial court held

that "no recovery could be had for materials not actually used in the building and that [the] defendant was not responsible for lumber . . . which did not and was not intended to become part of the structure." *Id***.** Hoffman Lumber appealed.

Ultimately, our Supreme Court agreed. Initially, the Court set forth the relevant statute, which stated:

> [A] subcontractor who, by contract or agreement, express or implied, with the contractor, or one who represents him, furnishes supplies or hauls materials 'reasonably necessary for and actually used' in the building structure, shall be entitled to a lien against the property for the amount of his claim.

*Id***.** at 742. Based upon the foregoing, the ***Hoffman*** Court stated:

> To bring a claim by a subcontractor within the provisions of the statute, it must appear that the material furnished was reasonably necessary in the construction of the building and also that it actually becomes a part of the permanent structure.

*Id***.** Because the "testimony fail[ed] to establish either of these requisites," the Court held that Hoffman Lumber was not entitled to seek a lien against the defendant's property. *Id***.** Our Supreme Court's decision in ***Hoffman*** was subsequently followed by this Court in ***Favo v. Merlot***, 1928 WL 4487 *1, *2 (Pa. Super. 1928) ("As to the items in the lien representing charges for furnishing coal used by Slifer in doing the excavating, it is sufficient to state that as the coal was not material 'reasonably necessary for and actually used' in the building structure, it is not the subject of a lien and not within the letter of the statute. ***Hoffman***[, ***supra***]. It follows that the plaintiff had no right to file a lien for any of the items claimed.").

We therefore conclude that, pursuant to Pennsylvania case law and the text of Section 1301(a) of the Mechanics' Lien Law, a subcontractor may file a lien for "labor or materials furnished in the erection or construction." **Id.** To constitute "materials" within the meaning of the statute, the "fixtures, machinery and equipment" must not only be "reasonably necessary," they must also be "incorporated into the improvement," *i.e.*, actually used in the building structure. 49 P.S § 1201(7); **see also Hoffman**, **supra**; **Favo**, **supra**. This is consistent with other jurisdictions interpreting similar statutes. **See Bush Const. Machinery, Inc. v. Kanas City Factor Outlets, L.L.C.**, 81 S.W. 3d 121, 125-126 (Mo. Ct. App. 2002) (holding that Missouri's mechanics' lien statute enabled subcontractors to seek a lien if they "furnish[ed] machinery" but such "machinery" was required to "be[come] a permanent part of the construction."); **Great Plains Equipment, Inc. v. Northwest Pipeline Corp.**, 979 P.2d 627, 635 (Idaho 1999) (holding that because "leased equipment was not incorporated into, or consumed or destroyed by, the construction project," the subcontractor was unable to maintain a lien based upon the plain reading of Idaho's mechanics' lien statute); **Southeastern Steel Erectors, Inc. v. Inco, Inc.**, 424 S.E. 2d 433, 437-438 (N.C. Ct. App. 1993) (adopting the "prevailing view of other jurisdictions" and holding that "rental equipment is not a 'material' furnished for the improvement of real property" because "such equipment is not totally depreciated by its use on the real property in question [and] it is equivalent to the purchase of the equipment . . . to be used at a job site [which] is not

[subject to a lien]"); ***Logan Equipment Corp. v. Profile Const. Co., Inc.***, 585 A.2d 73, 74 (R.I. 1991) (holding that Logan Equipment Corporation could not maintain a lien because it simply leased excavation equipment, rather than "do[ing] work or furnish[ing] materials in accordance with [Rhode Island's mechanics' lien law]"); ***Air Service Co. v. Cosmo Investments, Inc.***, 155 S.E. 2d 413, 414 (Ga. Ct. App. 1967) ("Giving the statute a strict construction as we must . . . we are inclined to conclude both that a mere lessor of machinery to a contractor does not come within the class in favor of whom a lien is granted, nor does the machinery itself, not being something in the order for a steam mill or other mechanical device intended to be attached to and used on the realty, meet the criterion under the rule of ejusdem genris.").

Herein, it undisputed that the subjects of the lien, *i.e.*, the Telehandler and rental payments, were not "incorporated into the improvement." Trial Court Opinion, 1/25/23, at 5; ***see also*** P.S § 1201(7). Indeed, in its brief, Appellant admits as such. ***See*** Appellant's Brief at 17 ([Appellant's equipment] certainly fits within the 'supplies of all kinds' category of 'materials' that is not hamstrung by the 'incorporated in the improvement' language of the definition"). Thus, as a matter of law, the Telehandler and rental payments do not constitute "materials" which are subject to a lien under Section 1201(7) and the trial court correctly sustained Appellee's preliminary objection on this basis.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/19/2023