J-S08019-24

2024 PA Super 76

| | | |
|---|---|---|
| MICHAEL KOPINETZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WASTE MANAGEMENT AND | : | No. 1344 MDA 2023 |
| PROCESSORS, INC. | : | |

Appeal from the Order Entered August 24, 2023
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s): S-409-2023

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.: FILED: APRIL 19, 2024

Michael Kopinetz (Appellant) appeals from the trial court's order sustaining preliminary objections filed by his employer, Waste Management and Processors, Inc. (WMP), and dismissing with prejudice his complaint alleging WMP terminated him in violation of the Medical Marijuana Act (MMA), 35 P.S. § 10231.101 *et seq*. We reverse and remand for further proceedings.

Appellant's complaint alleged the following. WMP hired Appellant as a loader in November 2015. Second Amended Complaint, 6/22/23, ¶ 6. During his employment, Appellant suffered from "lower degenerative back/disc disease and carpel tunnel syndrome." *Id.* ¶ 5. In January 2021, with his medical caregiver's authorization, Appellant was issued a valid Medical

---

[*] Former Justice specially assigned to the Superior Court.

Marijuana Card (MMC) for treatment of his back and carpel tunnel conditions. *Id.* ¶¶ 9-10. Six months later, in June 2021, WMP randomly selected Appellant for a drug test. *Id.* ¶ 12. Appellant did not disclose to the third-party test administrator that he was legally permitted to use medical marijuana. *Id.* ¶ 13.

One week later, WMP requested that Appellant come into the office, where WMP informed Appellant that his drug test revealed a positive result for marijuana. *Id.* ¶ 14. Appellant "immediately explained that he lawfully used medical marijuana for his medical conditions and held a valid MMC." *Id.* ¶ 15. After Appellant disclosed this information, WMP "immediately suspended" Appellant and informed him that "he would hear from the company in the near future regarding his employment status with [WMP]." *Id.* ¶ 16.

Appellant's complaint further alleged:

17.    [WMP] did not at this time terminate [Appellant] due to the results of his drug screening.

18.    Prior to [Appellant's] disclosure that he is a medical marijuana cardholder, [WMP] did not take any adverse action against him.

19.    Instead, [Appellant] was informed by [WMP] that he was suspended while [WMP] looked into its "policy."

20.    Under information and belief, [WMP] was investigating whether or not it would continue to employ a medical marijuana cardholder.

21.    Following the above described meeting, nearly one (1) month … passed without [WMP] contacting [Appellant].

22.    In or around late June 2021, [Appellant] was contacted by a human resources employee of [WMP,] who

- 2 -

informed [Appellant] that his employment with [WMP] was terminated.

23. Specifically, [WMP] informed [Appellant] that his employment was being terminated as [WMP was] now unable to employ him because he lawfully used marijuana to treat his medical conditions.

24. Under information and belief, [WMP's] one-month long investigation into whether or not it would employ[] a medical marijuana cardholder[] resulted in the conclusion that [WMP] would not employ a medical marijuana cardholder.

25. [Appellant] was terminated because he is a medical marijuana cardholder.

*Id.* ¶¶ 17-25.

Appellant's complaint set forth one count for violation of the MMA, which

provides, in relevant part:

**No employer may discharge**, threaten, refuse to hire or otherwise discriminate or retaliate against **an employee** regarding an employee's compensation, terms, conditions, location or privileges **solely on the basis of such employee's status as an individual who is certified to use medical marijuana.**

35 P.S. § 10231.2103(b)(1) (emphasis added); *see also* Second Amended

Complaint, 6/22/23, ¶¶ 26-32.[1]  Appellant alleged WMP violated the MMA "by

suspending and then terminating [Appellant] after learning that [Appellant]

was a certified medical marijuana cardholder under the [MMA] to treat his

medical conditions."  *Id.* ¶ 31.  Appellant alleged he suffered "lost earnings,

---

[1] In ***Palmiter v. Commonwealth Health Sys., Inc.***, 260 A.3d 967, 977 (Pa. Super. 2021), this Court recognized the existence of an implied private right of action under Section 10231.2103(b)(1) of the MMA.

lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety." *Id.* ¶ 32.

WMP filed preliminary objections in the nature of a demurrer, arguing Appellant's complaint failed to state a claim upon which relief could be granted. Preliminary Objections, 7/7/23, ¶ 18 (citing Pa.R.C.P. 1028(a)(4) (preliminary objections may be filed for legal insufficiency of a pleading)). WMP argued Appellant's complaint made "clear that [WMP's] termination of [Appellant] was for legitimate and non-discriminatory reasons, specifically the positive drug test, and not solely on the basis of [Appellant's] status as an individual who is certified to use medical marijuana." *Id.* ¶ 25 (some capitalization modified). WMP maintained Appellant's complaint "clearly state[d] … that he was informed by [WMP] that his employment was being terminated because of his <u>use</u> of marijuana." *Id.* ¶ 28 (emphasis in original) (citing Second Amended Complaint, 6/22/23, ¶ 23).

WMP noted the MMA provides:

Nothing in this act shall require an employer to make any accommodation of the use of medical marijuana on the property or premises of any place of employment. This act shall in no way limit an employer's ability to discipline an employee for being under the influence of medical marijuana in the workplace or for working while under the influence of medical marijuana when the employee's conduct falls below the standard of care normally accepted for that position.

35 P.S. § 10231.2103(b)(2); *see also* Preliminary Objections, 7/7/23, ¶¶ 30-31. WMP asserted Appellant's positive drug test "established that [Appellant] was under the influence of marijuana in the workplace, for which he was

appropriately disciplined and terminated from employment by [WMP]." *Id.* ¶ 32.

On August 24, 2023, the trial court entered an order sustaining WMP's preliminary objections and dismissing Appellant's complaint with prejudice. Order, 8/24/23. In an accompanying opinion, the trial court stated:

> It is undisputed that [Appellant] was suspended and then terminated from work due to using marijuana and having it show up on a positive drug screening. [Appellant] was not selected for a drug test based upon his certification as a medical marijuana user[,] because it is undisputed that [WMP] was unaware of his status until after the test. [Appellant] was not scheduled for a disciplinary hearing because of his status[,] but because he tested positive for marijuana. As [WMP] was unaware of [Appellant's] medical marijuana status, [WMP] was unable to discriminate against [Appellant] based upon his status. Instead, [Appellant] had a positive drug test due to random testing, he never disclosed prior to the disciplinary meeting that he had a certified medical marijuana card[,] and he was terminated based upon his positive drug test.
>
> The [MMA] specifically does not limit [WMP's] ability to discipline [Appellant] or any other employees for being under the influence of marijuana. There is no dispute that [WMP] was unaware of [Appellant's] status until after the positive drug screen at the disciplinary meeting for his positive drug test. Taking the facts in the light most favorable to [Appellant], there is no cause of action under the MMA.

Trial Court Opinion, 8/24/23, at 3-4.

Appellant filed a timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single question for our review:

Did the trial court err in applying the applicable standard of review when sustaining [WMP]'s preliminary objections and dismissing Appellant's complaint with prejudice?

Appellant's Brief at 2.

Appellant argues the trial court did not accept his complaint's allegation that WMP terminated him because he is a medical marijuana cardholder. *Id.* at 11-12. He maintains the trial court improperly decided "a factual issue that may be in dispute," namely, "when [WMP] manifested its intent to terminate [Appellant] and on what theories it relied…." *Id.* at 12.

WMP reiterates the arguments made in its preliminary objections, *i.e.*, that Appellant's complaint stated Appellant was terminated because of the positive drug test, and "not solely on the basis of [Appellant's] status as an individual who is certified to use medical marijuana." WMP's Brief at 11.

In conducting our review, we apply the following principles:

As a trial court's decision to sustain or overrule a demurrer involves a matter of law, our standard for reviewing that decision is plenary. Preliminary objections in the nature of demurrers are proper when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint. Moreover, when considering a motion for a demurrer, the trial court must accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.

Furthermore, our standard of review of an order of the trial court overruling or sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be

sustained, it should be resolved in favor of overruling the preliminary objections.

***R.A. Greig Equip. Co. v. Mark Erie Hosp., LLC***, 305 A.3d 56, 59 (Pa. Super. 2023) (citations and brackets omitted).

When addressing preliminary objections in the nature of a demurrer, a trial court

> may determine only whether, on the basis of the allegations the plaintiff pled, he or she possesses a cause of action recognized at law. The court *may not* consider factual matters … and the court may not address the merits of matters represented in the complaint.

***In re Adoption of S.P.T.***, 783 A.2d 779, 782 (Pa. Super. 2001) (citations omitted; italics in original); ***see also Bailey v. Storlazzi***, 729 A.2d 1206, 1213 (Pa. Super. 1999) (reversing an order sustaining a demurrer in an employment discrimination action where the complaint pled facts sufficient to establish *prima facie* case of discriminatory discharge); ***Podgurski v. Pennsylvania State Univ.***, 722 A.2d 730, 732-33 (Pa. Super. 1998) (reversing an order sustaining a demurrer in a whistleblower action where the complaint alleged the plaintiff was discharged in retaliation for complaints about co-workers' wrongdoing).

In ***Hykes v. Hughes***, 835 A.2d 382 (Pa. Super. 2003), an employee's complaint alleged she quit her job just prior to the incident underlying her tort claim against the defendant employer. ***Id.*** at 383-84. The employer filed preliminary objections in the nature of a demurrer. ***Id.*** at 384. The trial court granted the employer's preliminary objections, finding that the incident

occurred in the course of the plaintiff's employment and, therefore, her exclusive remedy was a workers' compensation claim. *Id.* This Court reversed, holding that in light of the complaint's allegation that the plaintiff quit her job, "it [was] reasonable to infer, at least at this stage of the litigation, that she was no longer employed" at the time of the incident. *Id.* at 386. "The trial court's determination to the contrary," we observed, was "at odds with a view of the pleadings under a preliminary objections standard." *Id.* (citations omitted). We concluded the trial court "stepp[ed] beyond its authority (at the preliminary objections stage) and substitute[ed] its own deduction" on the issue of the plaintiff's "employee status (a finding of fact), … which is a matter for a trier-of-fact to decide when in dispute." *Id.*

Here, Appellant argues the trial court's decision rested heavily on the fact that WMP was unaware of Appellant's medical marijuana cardholder status prior to the June 2021 meeting. Appellant's Brief at 11; *see also* Trial Court Opinion, 8/24/23, at 2-4; Rule 1925 Opinion, 11/16/23, at 1-2; Second Amended Complaint, 6/22/23, ¶¶ 10-15. Our review discloses this fact formed the basis of the trial court's conclusion that Appellant "was terminated based upon his positive drug test." Trial Court Opinion, 8/24/23, at 4.

However, the complaint alleged that WMP did not take any adverse action against Appellant until *after* he disclosed his cardholder status. Second Amended Complaint, 6/22/23, ¶ 18. Appellant argues WMP "had the opportunity to terminate [Appellant] because of [the positive drug] test

results" at the June 2021 meeting, but did not do so. Appellant's Brief at 11-12. Instead, the complaint alleged, WMP suspended Appellant while it looked into its "policy." Second Amended Complaint, 6/22/23, ¶ 19. The complaint alleged that, after investigating whether the company would continue to employ a medical marijuana cardholder, WMP concluded it would not. *Id.* ¶¶ 20, 24. The complaint specifically alleged that WMP terminated Appellant not because of the positive drug test, but because he was a medical marijuana cardholder. *Id.* ¶¶ 17, 25.

Based on our review of the complaint, we agree with Appellant's argument that "when [WMP] manifested its intent to terminate [Appellant,] and on what theories it relied[,]" are issues of fact for the fact-finder's determination. Appellant's Brief at 12. Notwithstanding, the trial court rejected Appellant's argument:

> Appellant argues that [the trial c]ourt failed to take into consideration that [WMP] suspended Appellant for a month following the failed drug test in order to consider [WMP's] medical marijuana policy. Contrary to Appellant's argument that this shows he was fired due to his status as a medical marijuana cardholder, **the [c]ourt decided that the Appellant was terminated due to the positive drug test**.

Rule 1925 Opinion, 11/16/23, at 2 (emphasis added). Our review discloses that the trial court did not accept the complaint's factual allegations as true, but rather substituted its own judgment and decided a disputed factual issue against Appellant. *See id.* This was error.

Accepting the complaint's factual allegations as true, **see R.A. Greig Equip. Co.**, 305 A.3d at 59, Appellant was terminated solely on the basis of his status as an individual who is certified to use medical marijuana.[2] As such, Appellant's complaint is legally sufficient to establish a right to relief under

---

[2] WMP argues the complaint "clearly states" Appellant "was informed by [WMP] that his employment was being terminated because of his <u>use</u> of marijuana." WMP's Brief at 8 (emphasis in original). WMP relies on paragraph 23 of the complaint, which alleged: "[WMP] informed [Appellant] that his employment was being terminated as [WMP was] now unable to employ him **because he lawfully used marijuana to treat his medical conditions**." Second Amended Complaint, 6/22/23, ¶ 23 (emphasis added). Reading this paragraph in context with the rest of the complaint's allegations, it is reasonable to infer that it refers not to marijuana use generally but specifically to Appellant's status as a lawful medical marijuana user.

WMP further argues Appellant's positive drug test "established that [Appellant] was under the influence of marijuana in the workplace, for which he was appropriately disciplined and terminated from employment by [WMP]." WMP's Brief at 13; **see also** Preliminary Objections, 7/7/23, ¶ 32. The trial court appeared to credit this argument, emphasizing that the MMA "in no way limit[s] an employer's ability to discipline an employee for being under the influence of medical marijuana in the work[place]." Rule 1925 Opinion, 11/16/23, at 2 (quoting 35 P.S. § 10231.2103(b)(2)); **see also** Trial Court Opinion, 8/24/23, at 4. Viewed under the proper standard of review, the complaint does not support an inference that Appellant was under the influence of marijuana in the workplace or that WMP terminated him for being under the influence of marijuana in the workplace. Moreover, a plain reading of the MMA reveals that an employer may discipline an employee for being under the influence of medical marijuana "**when the employee's conduct falls below the standard of care normally accepted for that position**". 35 P.S. §10231.2103(b)(2) (emphasis added). Nothing in the complaint supports an inference that Appellant's conduct fell below the requisite standard of care.

- 10 -

Section 10231.2103(b)(1) of the MMA. Accordingly, we reverse the trial court's order sustaining the demurrer to Appellant's complaint.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge Olson joins the opinion.

P.J.E. Stevens files a dissenting opinion.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/19/2024