J-A20041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CLEVELAND BROTHERS EQUIPMENT COMPANY, INC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARCADIA NORTH LAND, LLC | : | |
| | : | No. 2139 EDA 2023 |
| | : | |
| APPEAL OF: BLUE ROCK CONSTRUCTION, INC. | : | |

Appeal from the Order Entered July 18, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
6465-CV-2021

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 4, 2024**

Appellant Blue Rock Construction, Inc. ("General Contractor") appeals from the July 18, 2023 order of the Monroe County Court of Common Pleas granting summary judgment in favor of Appellee Cleveland Brothers Equipment Company, Inc. ("Equipment Lessor") and against General Contractor.  The trial court concluded that the Mechanics' Lien Law of 1963[1] permitted Equipment Lessor to file a mechanics' lien claim related to unpaid rent for construction equipment.  Based upon the recent decision in ***R.A. Greig Equipment Company v. Mark Erie Hospitality, LLC***, 305 A.3d 56 (Pa. Super. 2023), we conclude that the Mechanics' Lien Law does not authorize a mechanics' lien claim related to construction equipment unless the

_____

[1] 49 P.S. §§ 1101-1902.

equipment was "'incorporated into the improvement,' *i.e.*, actually used in the building structure." ***Id.*** at 61. As that standard was not met in the instant case, we reverse the grant of summary judgment to Equipment Lessor and remand for further proceedings consistent with this decision.

The following are the relevant facts and procedural history. Arcadia North Land, LLC ("Owner") engaged General Contractor to manage the development of an industrial park. General Contractor contracted with Dobrinski Brothers to provide site preparation work. Dobrinski Brothers, in turn, subcontracted with Equipment Lessor to lease a heavy equipment excavator, which Dobrinski Brothers used to excavate and grade Owner's site from October 2020 through July 2021. Dobrinski Brothers, however, failed to pay Equipment Lessor $158,998.94 owed for renting the excavator.

On November 15, 2021, Equipment Lessor filed a mechanics' lien claim against Owner's property related to the rent due. In January 2022, General Contractor entered a joint stipulation with Equipment Lessor, whereby General Contractor intervened in the case and agreed to post a $317,997.88 bond (twice the rent due) in exchange for Equipment Lessor releasing the lien on Owner's property. The court approved the stipulation and lifted the lien.

On March 22, 2022, Equipment Lessor filed a complaint to obtain judgment on the mechanics' lien claim naming Owner as defendant and General Contractor as intervenor. On March 30, 2023, Equipment Lessor filed a motion for summary judgment, which the trial court granted in part on July 18, 2023, prior to this Court's decision in ***Greig***. The trial court found that

Equipment Lessor satisfied the requirements of the Mechanics' Lien Law because it "supplied machinery reasonably necessary for and actually used to excavate the [Owner's] site." Trial Ct. Op., 10/10/24, at 2. The court entered judgment of $158,998.94 plus prejudgment interest against General Contractor. The court, however, denied Equipment Lessor's motion for summary judgment against Owner, based upon General Contractor's payment of the bond, but the court noted that the motion could be renewed if Equipment Lessor did "not receive satisfaction from the bond." Order, 7/18/23.

On August 11, 2023, the court amended the order to indicate that "[a]n immediate appeal would facilitate resolution of the entire case," such that the order is appealable under Pa.R.A.P. 341(c). Trial Ct. Amended Order, 8/11/23. On August 16, 2023, General Contractor filed a notice of appeal to this Court. General Contractor and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err in determining that [Equipment Lessor] had the right to file a mechanics' lien claim for the renting of earth moving equipment that was not incorporated into the improvement but that was instead used as a tool by a third-party to perform excavating services?

2. Did the trial court err in awarding prejudgment interest to [Equipment Lessor] on its mechanics' lien claim?

Appellant's Br. at 2.[2]

Summary judgment is appropriate "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa.R.Civ.P. 1035.2(1). We review the grant of summary judgment to determine whether the trial court made "an error of law or an abuse of discretion." *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 195 n.11 (Pa. 2007). The determination of whether any questions of material fact exist is "a question of law" over which our standard of review is *de novo,* and our scope of review is plenary. *Id.* In considering a summary judgment motion, "a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Id.* at 195.

This case involves the interpretation of the Mechanics' Lien Law. As with any statutory interpretation, "our task is to determine the will of the General Assembly using the language of the statute as our primary guide." *Bricklayers of W. Pennsylvania Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 689 (Pa. 2014) (citation omitted). "When the words of a

---

[2] Addressing the second issue, the trial court acknowledged that it erred in awarding prejudgment interest *sua sponte*. Trial Ct. Op., 10/10/23, at 3. Indeed, both parties agree that Pennsylvania precedent does not support the award of prejudgment interest. Nevertheless, we do not address this issue because we conclude that the Mechanics' Lien Law did not authorize Equipment Lessor's claim, such that any issue relating to interest on that claim is moot.

statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(a). When a statute is ambiguous, we apply the rules of statutory construction to ascertain the intention of the General Assembly by considering, *inter alia*, the "occasion and necessity for the statute[,]" "[t]he circumstances under which it was enacted[,]" "[t]he object to be attained[,]" and any former law on the same subject. *Id.* at § 1921(c).

The Mechanics' Lien Law of 1963 was intended to protect contractors and subcontractors who prepay for labor and materials that are invested in the owner's property "by giving lienholders security for their payment independent of contractual remedies" that the subcontractor may have against the contracting party. *Bricklayers*, 90 A.3d at 690 (citation omitted). As such, "[a] mechanics' lien is an extraordinary remedy that provides the [sub]contractor with a priority lien on property, an expeditious and advantageous remedy." *Terra Firma Builders, LLC v. King*, 249 A.3d 976, 983 (Pa. 2021).

Specifically, Section 1301(a), addresses the right to lien in relevant part as follows:

> [E]very **improvement** and the estate or title of the owner in the property shall be subject to a lien . . . for the payment of all debts due . . . by the contractor to any of his **subcontractors** for labor or **materials** furnished in the erection or construction, or the alteration or repair of the improvement[.]

49 P.S. § 1301(a) (emphasis added).

- 5 -

An "**improvement**" "includes any building, structure or other improvement of whatsoever kind or character erected or constructed on land, together with the fixtures and other personal property used in fitting up and equipping the same for the purpose for which it is intended." *Id.* at § 1201(1). The Law defines a "**subcontractor**" who may file a lien, in relevant part, as including "one who, . . . pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, . . . supplies or hauls **materials**, fixtures, machinery or equipment reasonably necessary for and **actually used therein**[.]" *Id.* at § 1201(5) (emphasis added). Importantly, the Law defines "**materials**" as "building materials and supplies of all kinds, and also includes fixtures, machinery and equipment reasonably necessary to and **incorporated into the improvement**." *Id.* at § 1201(7) (emphasis added).

There is no dispute that Equipment Lessor constituted a "subcontractor" such that it could file a mechanics' lien claim against Owner's property because it had a contract with Dobrinski Brothers, which was in "direct privity of a contract" with General Contractor. 49 P.S. § 1201(5). The question in this case, instead, is whether leased construction equipment constitutes "materials" for which Equipment Lessor can file a mechanics' lien claim against Owner's property for the rent which Dobrinski Brothers failed to pay. As noted, this Court addressed the same issue in *Greig*, which this Court filed approximately a week after the trial court filed its Pa.R.A.P. 1925(a) opinion in the instant case.

In **Greig**, an equipment rental company sought a lien to secure payment of the replacement cost of leased construction equipment which was damaged on the jobsite as well as unpaid rent for the equipment. The rent due was for the time "following the removal of the [equipment] from the construction site after it was allegedly damaged[.]" **Greig**, 305 A.3d at 58 (citation omitted).

This Court concluded that the leased equipment did not fall within the Mechanics' Lien Law's definition of "materials." The Court explained that "[t]o constitute 'materials' within the meaning of the statute, the 'fixtures, machinery and equipment' must not only be 'reasonably necessary,' they must also be 'incorporated into the improvement,' *i.e.*, **actually used in the building structure**." **Greig**, 305 A.3d at 61 (emphasis added). Applying this reasoning to the construction equipment, this Court concluded that "as a matter of law, the [leased construction equipment] and rental payments do not constitute 'materials' which are subject to a lien under Section 1201(7)" because they were not incorporated into the improvement. **Id.** at 61-62.

In support of this holding, the Court relied upon the Supreme Court's decision in **Hoffman Lumber Co. v. Gibson**, 119 A. 741 (Pa. 1923), interpreting the Mechanics' Lien Law of 1901, which, similar to the current statute, entitled a subcontractor to a lien in regard to materials that were "reasonably necessary for and actually used in" the project. **Greig**, 305 A.3d at 60. Applying this language, the Supreme Court in **Hoffman** held that the statute only applied if the material "actually became a part of the permanent structure." **Hoffman**, 119 A. at 742. The Supreme Court concluded that the

term "materials," therefore, did not encompass the lumber at issue in *Hoffman*, which was only for temporary use in the construction process rather than incorporated into the permanent structure of the building. *Id.*

We conclude that the statutory construction in *Greig*, based upon the analysis of the prior statute in *Hoffman*, controls this case. As applied to the instant case, there is no dispute that the excavator did not become part of the structure of Owner's industrial park; rather, it was used temporarily by Dobrinski Brothers to prepare the jobsite. Accordingly, under *Greig*, we hold that the Mechanics' Lien Law does not authorize Equipment Lessor to file a mechanics' lien claim relating to the unpaid rent for the excavator.

Equipment Lessor attempts to distinguish *Greig* by asserting that *Greig* involved "a lien for rental charges incurred while equipment was broken and unable to be used for any work on the liened property." Appellee's Br. at 6 (emphasis omitted). In contrast, Equipment Lessor emphasizes that the excavator in the instant case was necessary for the excavation and grading of the jobsite that "became a permanent part" of Owner's property. *Id.* at 17. In essence, Equipment Lessor's excavator was used to create Owner's industrial park, whereas the equipment in *Greig*, post-damage, was not involved in the construction.

We find this factual difference irrelevant to the statutory analysis which requires the materials to be "'incorporated into the improvement,' *i.e.*, actually used in the building structure." *Greig*, 305 A.3d at 61. Even when used to create the improvement, construction equipment, such as the excavator, is

- 8 -

not "actually used in the building structure." ***Id.*** Accordingly, we reject this attempt to differentiate ***Greig***.

Equipment Lessor presents several additional arguments based upon the Law's use of terms such as "subcontractor," "equipment," "machinery," and "excavation." Appellee's Br. at 17-20. We conclude that these arguments do not alter our analysis, as a claimant must still satisfy Section 1301, which requires a claimant to supply either "labor or materials" 49 P.S. § 1301. As this case does not involve labor, Equipment Lessor must satisfy the definition of "materials[,]" which as set forth above must be "actually used in the building structure." ***Greig***, 305 A.3d at 61. Equipment Lessor's argument, thus, still fails because the excavator was not incorporated into Owner's industrial park.

Equipment Lessor also presents various arguments addressing the impact of the holding in ***Greig***. Appellee's Br. at 20-40. Regardless of the merits of Equipment Lessor's policy arguments, we are bound by the interpretation of the Mechanics' Lien Law in ***Greig*** as limiting mechanics' lien claims to materials, including equipment, that are "actually used in the building structure." ***Greig***, 305 A.3d at 61.

Accordingly, we reverse the grant of summary judgment to Equipment Lessor and remand for further proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/4/2024